Curia.

Vose was not authorized to make a note for the parish. He could have such authority only by vote of the parish. The vote appoints him and two others a committee to superintend the building of the meetinghouse ; and this committee was directed to proceed as soon as funds to a specified amount should be raised by a sale of the pews. Under this vote, one of the committee could not purchase on the credit of the parish. Any act to charge the parish must have been by two, at least, of the three ; perhaps by all the three, because the power, if given at all, is not given to the majority. Perhaps direct proof that all assented would not be required ; but certainly no obligation could be made to bind the constituent, by less than two of the agents.†
Power to superintend the erection of a building does not necessarily imply a power to contract debts against the parish.‡ The plaintiffs should have demanded the authority of Fose, if they intended to give credit to the parish ; and then should have judged of Fbse’s power to make the contract.
[*190] *There has been nothing which amounts to a ratification of the purchase by Fose. This was a matter for the jury, to whom it was expressly submitted ; and they have negatived it. On this point the verdict is certainly not against evidence. The only circumstance, from which a ratification could be inferred, was the exhibition of Fbse’s account. But this was more than a year after the purchase made ; and in it he charged the plaintiffs’ bill, as paid *169 by him, and produced Kupfer’s receipt, which indeed acknowledges payment by a note ; but the committee would, undoubtedly, presume that the note was given by Fose on his own account. Or if not, they would have no reason to presume that it was not paid. They passed Fose’s account, and so paid him for the glass. He had been in good credit until that period; and the plaintiffs placed no reliance upon any one but him. There are, in fact, no circumstances, which, in an equitable point of view, can charge the parish.

Judgment on the verdict.

 Damon vs. Inhabitants of Granby, 2 Pick. 345. A distinction is taken in the above case, said to be founded on usage, between the acts of a committee and those of agents. It is said, that in the case of a committee a majority can bind the town, but in the case of agents all must act in order to bind their employers. Commonwealth vs Ipswich, 2 Pick. 70.— Sutton vs. Cole, 3 Pick. 232. — Copeland vs Mercantile Insurance Co., 6 Pick. 198. Generally, when a naked authority is given to several persons jointly, they must all join in the execution of it. Geter vs. Commissioners, 1 Bay, 354 —Sugdenon Powers, 4th ed., 165 —Bacon, Ab., Authority, (C,) 7th ed. — Wilson vs. Townsend, 1 B. & A. 608. — Co. Lit. 49, 6. — 2 Rolle, M. 8. — Dyer, 62 —Co. Lit. 181. — Roll. R 299.— Yelv. 26. But, where authority is given to several jointly and severally, it is otherwise. Guthrie vs. Armstrong, 5 Barn, Ald. 628. And it has been held that a majority may execute a public trust. The State vs. Deliesseline, 1 M'Cord, 60.— 6 John. R. 39. — King vs. Beeston, 3 D. & E. 592 — Grindley vs. Barker, 1 Bos. & Pul. 229.

 But see Damon vs Granby, 2 Pick. 352; where it is said, “ to superintend the building of the house includes the power to make the necessary contracts, since it does not appear that any other committee or agent was intrusted with this power, and since the making of contracts is essential to the building of the house.”