## ÉBENEZER ADAMS *vs.* JOHN B. HILL *&* als.

A contract made by one of five members of a committee, chosen by a parish to build a church, in the name of the whole, is not binding on the corporation.

And as such contract cannot be enforced against the corporation, the other party is not bound by it.

A contract in writing made afterwards, and before the work was finished, with such other party by individual members of the corporation, wherein they agree to secure to him the payment of the amount of his contract, according to its terms, one half when he shall have completed the work, and the balance in sixty days thereafter, is not a collateral but an original promise.

The labor performed in completing the work, is a sufficient consideration to sustain the promise.

Where a contract has reference to another paper for its terms, the effect is the same, as if the words of the paper referred to, were inserted in the contract.

Although the work may not be performed strictly within the time and according to the terms of the contract, yet if it be done under the eye of one of those contracting to pay therefor, and be accepted by those for whose benefit it was done, and for whom they acted in making the contract, it is a waiver of strict performance, and payment must be made in conformity with the contract.

Any irregularity in the action is waived by a general submission thereof by rule of Court.

DURING the time that this action of assumpsit was pending in this Court, it was submitted to referees, who made a special report. On *June* 24, 1836, a contract in writing was made, purporting to be a contract between the building committee of *St. Johns Church* in *Bangor*, consisting of five persons, of whom the defendant, *Hayes*, was one, but it was signed by the plaintiff, and by *Hayes* only. By the contract, the plaintiff undertook to lath and plaster the inside of the church and vestry, in a particular manner mentioned, within thirty-three days of the date, for $1300, "one half to be paid when the work was completed, and the remainder in sixty days from that period." There was a stipulation in the agreement, that if the vestry should not be ready for plastering at the time, that payment should not be delayed for that cause for the work done, but only for the value of the work remaining. When this contract was thus executed, nearly one third of the work had been done by the plaintiff, and soon after, he objected to go on

with the work, unless he should have security given to him, that he should have his pay according to the contract.  On the first day of *July*, following, the defendants executed and delivered to the plaintiff a writing in the following words.  " We, the undersigned, do hereby agree to secure' to *Ebenezer Adams*, the payment of the amount of his contract for plastering the inside of *St. Johns Church*, according to the terms of said contract, that is, one half of the amount, $650, when he shall have completed the work, and the balance, $650, in sixty days thereafter.  *Bangor, July* 1, 1836. *J. B. Hill*, *Allen Haines*, *Charles Hayes*."  The plaintiff proceeded with the work, and completed it, with the exception of the vestry which was not ready, on *Sept.* 20, 1836.  It would seem from the report, that some small portion of the stucco work was defectively done, but that one of the defendants, a member of the building committee, had seen the whole progress of the work without objection, and that the members of the church, and building committee, had proceeded and made use of the church without remonstrance or objection.  On *Oct.* 10, 1836, the plaintiff notified the defendants, that he had not been paid, and requested them to fulfil their contract, which they declined to do, and the suit was commenced the next day.  The parties were all members of the corporation of *St. Johns Church*.  The referees in *Dec.* 1837, awarded, that the plaintiff should recover $1300,02, if by law he is entitled to recover for the labor, which was performed on the church previous to *July* 1, 1836, as well as what was done after the contract of the defendants was made.  If the plaintiff is not entitled to recover for the labor done previous to *July* 1, 1836, and may for what was done after that time, then they award, that he should recover $868, with costs of reference and costs of Court in either case.  But if the plaintiff is not entitled to recover, then the defendants are to recover costs.

*Rogers* and *M. L. Appleton*, for the plaintiff, argued, that the report of the referees was conclusive as to every thing not specially referred to the Court by them.  All objections to the form of the action, and prior proceedings, are thereby waived.  *Forseth* v. *Shaw*, 10 *Mass. R.* 253 ; *Bixby* v. *Whitney*, 5 *Greenl.* 192. The only question therefore, is, whether the defendants are liable to pay for the whole or part of the work done on the church.

The plaintiff was not obliged to go on under the first agreement, because the corporation was not bound, as but one of five members of the building committee had signed the contract. *Kupfer* v. *South Parish in Augusta*, 12 *Mass. R.* 185. The defendants are not guarantors or sureties, but original promisors for sufficient consideration. *Sumner* v. *Williams*, 8 *Mass. R.* 200; *Lent* v. *Padelford*, 10 *Mass. R.* 230; *Forster* v. *Fuller*, 6 *Mass. R.* 58; *Chitty on Con.* 7. But if the contract of the defendants were merely a guaranty, still as it was an absolute promise to pay a certain sum at a stipulated time, unless paid by others, no notice was necessary. 2 *Chitty's Rep.* 463; *Norton* v. *Eastman*, 4 *Greenl.* 526; *Read* v. *Cutts*, 7 *Greenl.* 186. The question whether the work was finished within the time, is not open to inquiry, but were it so, it was waived by the defendants, by one of the defendants who was of the building committee being present when the work was in performance, and by using the building without objection. *Nelson* v. *Milford*, 7 *Pick.* 18; *Hayden* v. *Madison*, 7 *Greenl.* 76. The defendants are liable for the whole amount. Their contract refers to the contract as signed by *Hayes*, and embraces its terms, and by that the plaintiff was to be paid for the whole work. The Court will look to the motive and object of the parties. 2 *Gill & Johns.* 382.

*J. Appleton* argued for the defendants. This is a promise to pay in case of the failure of the corporation, and was so understood and treated by the parties. *Theobald on Guar.* § 1; *Evans' Pothier*, 365; *Fell on Guar.* 1; 3 *C. & P.* 131. Similar language has been held to be a guaranty. 16 *Serg. & R.* 79; 6 *Bingh.* 94. Notice of non-payment should have been given, and demand made. 7 *Peters*, 120; 2 *Watts*, 128. And it should have been alleged and proved. 4 *M. & Selw.* 566; *Oxford Bank* v. *Haynes*, 8 *Pick.* 430; 9 *Serg. & R.* 202. A guaranty being a contract of suretyship, should be construed strictly. 1 *Stark. Rep.* 192; 5 *Bing.* 488; 2 *Stark. Ev.* 649; 9 *Wheat.* 680. The contract is not binding, because there is no consideration proved, or apparent on the paper. *Theobald on Guar. sec.* 7, 9, 10; 2 *Gill & Johns.* 64; 7 *Har. & Johns.* 409; 1 *Gill & J.* 427; 3 *Penns. Rep.* 282; 14 *Wend.* 246; 7 *Conn. Rep.* 57; 3

_____

_____

*Pick.* 207.  If the principal contract, which is the subject of the guaranty, is invalid, the guaranty is void.  *Theobald, sec.* 2 ;  *Evans' Pothier,* 209.  But if the contract was originally binding, the defendants are released, because the terms of the contract were not performed.  5 *B. & Cr.* 269 ; 2 *Vesey,* 540 ;  *Theo.* 162, 172 ; 6 *T. R.* 200 ; 3 *Merivale,* 272.  But if the plaintiff has any claim, it is not against the defendants under this contract, but only against the corporation on a *quantum meruit.*  7 *Greenl.* 77 ; 4 *Cowen,* 564 ; 3 *Com. L. Rep.* 236.  The surety cannot be charged beyond the terms of his contract, and is not here liable on the *quantum meruit.*  4 *B. & P.* 34 ; 4 *Wash. C. C. Rep.* 27 ; 9 *Wheat.* 680 ; 6 *T. R.* 211 ; *Jurist, No.* 38, 438.

The opinion of the Court was afterwards prepared by

WESTON C. J. — The counsel for the defendants having waived all objection to the testimony, the facts of the case are settled by the report of the referees.  By that it appears, that the instrument of *June* 24, 1836, was never an executed contract.  It was manifestly left incomplete.  For although it was signed by the plaintiff, it had the signature of only one of the building committee of *Saint Johns Church,* of whom there were five.  The corporation therefore were not bound, even if the building committee had authority to enter into the contract.  *Kupfer & al.* v. *The South Parish in Augusta,* 12 *Mass. R.* 185.

It would be unreasonable to hold the plaintiff bound by an instrument, executed only by one of the contracting parties, when it is apparent, that the plaintiff understood that both were to be bound.  The consideration for the promise on the part of the plaintiff, was the promise of the corporation, by their committee.  That not having been effectually made, there was a failure of consideration.

While the business was thus circumstanced, the plaintiff, as well he might, objected to going on with the work, unless he could be secure of his pay, according to the contract.  Thereupon the defendants, on the first day of *July,* one week after the date of the first instrument, agree under their hands, to secure to the plaintiff, the amount of his contract, for plastering the inside of the church, $650, being one half, to be paid " when he shall have completed

the work," and $650, being the balance, in sixty days thereafter. The terms used, are a direct promise to pay, at the times stipulated; for such is the effect of an agreement to secure payments, which no other party was bound to make. It was not then a collateral, but an original promise. The consideration expressed in the promise, was the completion of the work then going on. And although a portion of it had been done, the labor subsequently performed was a sufficient legal consideration to sustain the promise, which is precise in its terms, both as to the amount to be paid, and the times of payment.

The promise of the defendants refers to the paper of *June* 24th, for the details of what the plaintiff was to do ; the effect of which is the same, as if they had been inserted in the paper of *July*. If that reference embraces also the time, within which the plaintiff was to complete the work, as perhaps it ought upon a just construction, it is objected that there was a failure in point of time, and some slight defect in a part of the work. But it was all done under the eye of one of the defendants, and was accepted by those, for and with whom the defendants acted. And we are of opinion, that under the submission, the referees were well warranted in awarding to the plaintiff, whatever was in their judgment justly due to him for his entire services. As to any irregularity in the action, it was waived by the submission. *Forseth* v. *Shaw,* 10 *Mass. R.* 253. The report is accepted ; and judgment is to be rendered thereon, for the larger sum awarded, and costs.