THE CEDAR RAPIDS AND ST. PAUL RAILROAD COMPANY v. STEWART.

1. Principal and agent: CONTRACT: EXECUTION OF POWER. While an authority conferred upon two or more persons to do an act as agents of another must be performed by them jointly when no contrary intent appears, yet, if it be shown by the instrument conferring the authority that it was the intent that a part of the agents might execute the power, such execution will be sufficient.

2. —— DELIVERY OF CONTRACT: RAILROAD. Where a railroad subscription agreement authorized certain persons as agents of the subscribers to enter into a contract with a railroad company, for the construction of a certain line of railroad, whereupon the agents were to deliver to such company the subscription agreement, it was *held*, that no assignment thereof by the parties thereto was necessary, and that a mere delivery of the instrument by the agents was sufficient to invest the company with the right of action thereon.

3. —— DISCRETIONARY POWER. And where such agreement, in conferring power upon such agents, authorized them to enter into a contract with such railroad company, according to their discretion and upon such terms as they or a majority of them might deem best for the interest of the subscribers and for the construction of the road, it was *held*, that the agents were empowered to bind their principal in covenants to finish depot grounds and provide the right of way, the performance of which, on their part, should be conditions precedent to the completion of the contract by the company.

4. Stamps: AGENT: RAILROAD SUBSCRIPTION. Where a subscription agreement authorizes certain agents to enter into a contract with a railway company for the construction of a certain line of railroad, and provides that upon the execution of such contract the agents are to deliver the subscription agreement to the company, whereupon it is to become binding, such agents will be held empowered to affix the proper stamps to such agreement when delivered by them to the company.

*Appeal from Benton District Court.*

SATURDAY, JUNE 20.

THIS action is brought on a contract executed by defendant and other citizens of Benton county, the material parts of which are in words following: "We, the undersigned residents of Benton county, in the State of Iowa, for the purpose of encouraging the construction of a railroad from Cedar Rapids, Marion, or any other feasible railroad point, to the town of Vinton, in said county of Benton, and for value received, do hereby mutually covenant, promise and agree to pay any railroad company that our agents hereinafter named may for that purpose contract with, the sums set opposite our respective signatures hereto. (Payments in installments to be fully made when the grading is completed.) And we do hereby jointly and severally make, constitute and appoint J. M. Quinan (and nine others, naming them) our and each of our agents in their own names, but for our benefit, to make and enter into a contract with said railroad com-

pany, in their discretion and upon such terms as they or a majority of them may deem most for our interest, for the construction of such railroad. \* · \* And upon the completion of such contract, our said agents, or a majority of them are hereby authorized and empowered to deliver this contract of subscription to such railroad company, or their duly constituted agents, and the same shall thereupon become the sole property of said railroad company with the like force and effect as though we had in person entered into such contract and delivered this contract of subscription."

This contract is signed by defendant and fifteen others. Six of the parties named in this instrument as agents of the obligors, and two others not named therein, executed a contract with the Cedar Rapids and St. Paul Railroad company, the material parts of which are as follows:

It recites that the said parties thereto, " as agents and trustees of those citizens of Benton and Linn counties who have subscribed and promised to pay money and other means to aid in building a railroad from Cedar Rapids, in Linn county, to Vinton, in Benton county," make and enter into said contract, which stipulates in these words:

" That the party of the first part (the railroad company), in consideration of the sum of $85,000 in railroad subscriptions, dated mostly at Vinton, and partly at Palo, April 6, 1865, and which are hereby assigned and delivered to said party of the first part, and in consideration of the swamp land scrip of Benton county, to be voted and secured to the party of the first part within thirty days after the grading is completed from Cedar Rapids to Vinton, and in consideration that the right of way and depot grounds be furnished and secured to the party of the first part as hereinafter provided, doth hereby promise, etc., the party of the second part (said agents

and others), that   *   *   the line of the road from Cedar
Rapids to .Vinton shall be commenced and prosecuted to
speedy completion,   *   *   and to run trains of cars over
the same by the 1st day of January, 1867.   *   *   *   *
In consideration of the premises, it is understood and
agreed between the parties hereto that the right of way
shall be furnished through said towns and through said
county of Benton,   *   *   free of charge, and that the
right of way shall in like manner be furnished in Linn
county as far as practicable." It is also provided that
certain depot grounds shall be deeded to the railroad
company, and that the parties shall give their "influence
and best efforts" to secure the prompt collection of the
"railroad subscriptions hereby assigned and delivered to
said party of the first part."

A demurrer to the petition was overruled; defendant
excepting, stands upon his demurrer, and appeals.

It appears from a stipulation of the parties, that, at
the time the instrument sued on was executed, it was not
stamped, but that the parties named therein as agents of
the obligors, before it was delivered to the railroad com-
pany, affixed stamps to it; it is agreed that these facts
may be considered on demurrer or appeal as though the
same were stated in the petition.

*I. M. Preston & Son* for the appellant.

*C. H. Conklin* for the appellee

BECK, J. — I. The first point made by the appellant is,
that the contract with the railroad company was not
made by all the agents named in the obli-
gation signed by defendant, and he is not,
therefore, bound by their act. An authority
conferred upon two or more persons to do an act as
agents of another can be performed by them only jointly

1. PRINCIPAL
AND AGENT:
contract:
execution of
power.

when no intent appears that it may be otherwise executed. But if it be shown by the instrument conferring the power that it is the intention for a part of the agents to execute it, such execution is sufficient. Story's Agency, § 42; *Donohue* v. *Granby*, 2 Pick. 345; *Kupfer* v. *Augusta*, 12 Mass. 185.

We are of opinion that the instrument, in this case conferring the authority, gives the power of its execution to a majority of the persons named therein as agents. In express words, it provides that the terms of the contract they are authorized to make may be fixed and agreed upon by a majority. This in truth is the gist — the substance of their power; the execution of the contract is but a formal matter, requiring no exercise of discretion or qualities of ability or integrity which men always consider in appointing others to act for them.

It is quite unreasonable to suppose that the defendant and others executing the instrument did intend, that, in the vital part of the business which they intrusted to their agents, where judgment, discretion and integrity would avail much for their interest, they were content to be bound by a majority of their agents, but in a mere formal matter, the carrying out of the will of a majority, they intended all to unite.

II. It is urged that no assignment of the contract of the defendant and others is shown by the petition. 2. —— delivery: railroad. None was necessary. By the express terms of the instrument, the agents were authorized to transfer it by delivery, and it was thus to become the property of the party receiving it.

III. It is contended that the contract made with the railroad company is not such a contract as the defendant 3. —— discretionary power. and his associates authorized their agents to make; that it binds them to furnish depot grounds and right of way free of charge as a condition

precedent to the covenants of plaintiff, and therein the agents exceeded their authority, thus avoiding the contract.

We are not prepared to say, under the large authority conferred on the agents by the defendant and his associates, expressed in the following words, viz., " to make and enter into a contract with said railroad company, in their discretion and upon such terms as they or a majority of them may deem most for our interest," etc., that the agents could not rightfully bind their principals in covenants to furnish depot grounds, right of way, etc., the performance of which should be conditions precedent to the contract of plaintiff; certainly all other covenants and terms of the contract with plaintiff are clearly within the broad and general words conferring authority upon the agents.

IV. It is lastly insisted that the instrument sued on was not properly stamped, inasmuch as the act of stamp-

4. STAMPS: agent: railroad subscriptions.

ing was done by the agents of the defendant and his associates. By the terms of the instrument it became the property of the plaintiff upon delivery, and until that act, it was not in fact a completed obligation. The agents were intrusted with the duty of its delivery. The obligors therein will be presumed to have intended that, when delivered, it should be a binding and valid instrument.

To give it that character, it was necessary that it should be stamped. It will be presumed, therefore, that the power to affix and cancel the stamps was conferred upon the agents of the defendant and his associates, in order that the instrument should be perfect and valid.

We find no error in the ruling of the court below, and the judgment will, therefore, be

Affirmed.