RUNDLE, APPELLANT, v. CUTTING, APPELLEE.

1. AGENCY—JOINT POWER.
A power to sell real estate conferred upon two persons jointly must be executed by both.
2. AGENT, POWER OF.
An authority to sell real estate for cash does not empower the agent to sell upon credit.
An act performed by an agent after the term of his agency had expired by express limitation, is without effect.

*Appeal from the District Court of Arapahoe County.*

ACTION to quiet title.

Mr. E. W. WAYBRIGHT and Mr. G. G. SYMES, for appellant.

Messrs. WOLCOTT & VAILE, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

On the 9th day of July, 1885, one William H. Stevens was the owner in fee of several hundred lots in Windsor Heights, an addition to the city of Denver.   On that day he made an oral contract with Assyria Hall and Edward A. Reser, jointly.   By the terms of this contract Hall and Reser, jointly, were authorized to contract for the sale of the whole or any of these lots, and pay the proceeds to Joseph A. Thatcher, who was duly empowered to execute the necessary conveyances.

Stevens had acquired title as a result of foreclosure proceedings, and a number of prior purchasers were claiming the right to redeem certain lots from such foreclosure, and it was agreed that all such purchasers should have the right to redeem upon the payment of the sum of eight dollars per lot, to Mr. Thatcher, within a reasonable time.

It was further agreed that whenever the sum of ten thousand ($10,000) dollars, with interest from July 9, 1885, should be paid to Mr. Thatcher under the agreement, the balance of the property should be deeded to Hall and Reser. The time in which this might be done was limited to one year. In pursuance of this oral agreement Stevens executed a power of attorney to Thatcher, also giving him a letter of instructions with reference to the matter. The letter reads as follows, viz.:

· "Denver, Colo., July 9, 1885.

"Joseph A. Thatcher, Esq., City.·

" My dear Sir :—I enclose herewith, power of attorney authorizing you to make deeds for me and in my name for the lots included in the tract of land described in the power of attorney. The deeds are to be made and delivered by order of Assyria Hall on receipt of the purchase money for said lots, until you have received in the aggregate as purchase money on said lots the sum of ten thousand dollars ($10,000) with interest from the ninth day of July, 1885, at ten per cent, and after you shall have received the sum of ten thousand dollars, the balance of said property remaining unsold to the said Assyria Hall, or order, in payment for his commissions and expenses in making the sale of said property. Provided that you are to make no deeds for lots without receiving at least the sum of eight dollars ($8.00) in cash for each lot sold until you have received the ten thousand dollars, ($10,000) and interest as aforesaid.

" Limitation by lapse of time, one year, subject to revocation.              (Signed)          W. H. Stevens."

At the expiration of the year only a small number of lots had been sold. A number of parties at the instance of their

attorney, Mr. Waybright, had, however, taken advantage of the option and redeemed. Hall and Reser sold a few lots, and deeds to such lots were made at the request of Hall, by Mr. Thatcher, under his power of attorney.

About December 27, 1886, Hall, claiming that the contract had expired by limitation, made a sale of the lots then remaining unsold, to appellee Cutting, subject to the approval of Stevens. Stevens having affirmed the sale directed Thatcher to deed the property. In accordance with these directions, Thatcher, by authority of the power of attorney theretofore executed to him, deeded the property to Cutting. This deed bears date Febuary 29, 1887. The negotiations leading up to it were conducted by one Chamberlin, acting for and in behalf of the grantee.

On December 27, 1886, Reser, assuming to be acting under the original contract, also sold the property to appellant Rundle. Upon this sale Rundle paid him one hundred dollars of the purchase price in cash, and agreed to pay the balance within twenty days thereafter. Reser gave receipt for amount paid, in which it was stated that Stevens was to furnish abstract showing a clear title within ten days, and to execute a deed with full covenants of warranty. Balance of purchase price to be paid within twenty days. This paper was signed by Reser as agent for Stevens. A few days thereafter, and as soon as Rundle learned of the sale to Cutting, through Chamberlin, he caused this receipt to be recorded in the office of the county clerk and recorder of Arapahoe county.

The present action was instituted by Cutting against Rundle, to remove the cloud upon the title of the former.

In determining the questions presented we shall first consider whether or not Reser had the right at any time to sell the property in controversy, as the agent of Stevens. If we look to the oral agreement solely, it is apparent that such right was not thereby conferred. The evidence shows that if any agency was in fact given orally by Stevens it was a joint agency to Hall and Reser, and Reser alone could not execute the power.

This is undoubtedly the general rule of the common law, and although in commercial transactions this rule is in some instances relaxed for general convenience in favor of trade, such modification has never been extended to cases like that now under consideration. Story on Agency (8th ed.), sec. 42; *Insurance Co. v. Wilcox*, 57 Ills. 185; *Salisbury v. Brisbane*, 61 N. Y. 617; *C. R. & St. P. R. R. Co. v. Stewart*, 25 Ia. 115; *Johnston v. Bingham*, 9 W. & S. (Pa.) 56; *Kupper v. The Parish*, 12 Mass. 185; *Union Bank v. Beirne*, 1 Grattan, 226.

If we look to the written instruments they are against the agency of Reser, rather than in his favor. Again, Stevens did not authorize anyone to make such a contract as the one entered into by Reser with Rundle. The agency given only authorized the procurement of cash purchasers, Thatcher being the agent appointed by Stevens, with the consent of all parties, to receive the money and execute the deeds, while by the terms of the contract made by Reser, the property was to be tied up for at least twenty days, during which time other purchasers were to be prevented from buying.

In addition to the foregoing, the term of such agency as was in fact created had expired by express limitation, prior to the time of the attempted sale by Reser.

The judgment of the district court must be affirmed without reference to the question raised by appellee upon the statute of frauds. It would be a work of supererogation to follow counsel into that field of investigation in this case.

                                         *Affirmed.*