DE REMER, APPELLANT, v. PARKER, APPELLEE.

1. DISCRETION.
It is not such an abuse of discretion as requires a reversal, that the court below permitted the plaintiff on rebuttal to correct his evidence given in chief, although it amounts to a contradiction thereof.

2. INTEREST.
Interest is recoverable only upon such claims as fall within the cases enumerated by the statute.

*Appeal from the District Court of Las Animas County.*

THIS action is brought to recover a balance of $1,500 alleged to be due for lumber sold and delivered by appellee to

appellant between the first day of November, 1887, and the first day of September, 1888. The defendant answering, admits that between the dates mentioned the plaintiff sold and delivered to defendant the lumber mentioned, and pleads payment. The court below found that on September 1, 1888, the appellant was indebted to appellee in the sum of $1,449.74, together with interest from the first day of September, 1888, at ten per centum per annum, and rendered judgment for the sum of $1,677.74 and costs. To reverse this judgment the defendant below prosecutes this appeal.

Messrs. WELLS, MCNEAL & TAYLOR, and Mr. M. F. TAYLOR, for appellant.

Messrs. JOHN & MCKEOUGH, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The evidence was taken before a referee, and appears in full in the bill of exceptions. We are therefore at liberty to determine the weight and effect of the same, unaffected by the finding of the court below. The evidence produced in chief by plaintiff was to the effect that the amount of lumber for which a full settlement had not been made was delivered in April, June and July, 1888. That all lumber delivered prior to April 1, 1888, was settled and paid for to the Trinidad National Bank. The amount agreed to be paid for the April, June and July deliveries was $3,524.34. Plaintiff testified that he had received personally on this account cash payments aggregating $1,750, and a commissary bill amounting to about $300. That cash payments were made as follows : $200 in May, and $500 and $1,000 in June ; $50.00 paid to him at some other time by one Stafford.

E. D. Wight, a witness in behalf of plaintiff, testifies that he was the cashier of the Trinidad National Bank ; that he received statements from John L. Parker in reference to lumber delivered to appellant. He says :

" I received two such statements ; one was received on the 29th day of March ; the amount of that was $2,776.24. Our record says it was due on the 20th day of March. The second one was received on the 21st of April; the amount of that was $2,586.34. Our record does not show when it was due. *I collected those from Mr. De Remer."*

It is unnecessary to notice further the evidence offered by the plaintiff in chief. The defendant accepted the issue so made by plaintiff, and offered in evidence, in support of his plea of payment, a check dated June 28, 1888, in favor of John L. Parker, or bearer, for the sum of $1,776.20, marked exhibit " A." Another check dated June 26, 1888, payable to John L. Parker, or bearer, marked exhibit " B," for $1,000. These two checks were indorsed and collected by V. Abeyta, who is admitted to be a partner of John L. Parker. Also a check dated May 8, 1888, for $200 ; another check dated October 10, 1888, payable to Parker, for $1,000. He also stated that the statements held by the bank were paid to E. D. Wight, cashier.

The plaintiff on rebuttal recalled the witness Wight, to show that the exhibits " A " and " B " were paid on the March statement. He then testified as follows :

" *Q.* On what account, if you know, were these checks given ? *A.* I find, by referring further to the books, that the statements I made as having collected these statements for March and April, that as regards the one for March I was mistaken, and desire to correct it; that there never was any credit for the statement for March placed to the account of Parker & Co."

He further states that : " Our collection register shows that this March voucher, marked paid, and the credits for it, show a credit of $1,000, and also a credit of $1,777.20 made at different dates—the dates correspond to these checks, one on the 29th day of June, and the other on the 27th day of June."

This witness being recalled again, produced the ledger of the Trinidad National Bank, showing the account of Parker

& Co. from June 1, 1888, until October 1st of the same year, and testified as follows :

" This book that I have produced is the ledger account of the Trinidad National Bank, showing the account of Parker & Co. from June 1, 1888, until October 1st of the same year. The slips I hold here represent the credit to Parker & Co. on the 26th of June of $1,000, and on the 29th of June of $1,776.20, and on the 18th of July one item of the credit, $2,586.34."

These deposit slips were offered in evidence, together with a transcript of the ledger, identified by the witness as a copy of Parker's account with the Trinidad National Bank. The principal error relied on by appellant for a reversal of the judgment below is in permitting appellee to introduce evidence on rebuttal contradictory of his evidence in chief, and to show that the two checks marked as exhibits " A " and " B " were received in payment of the March statement by Parker or Abeyta, instead of the bank.

While the practice complained of is not to be commended, yet we cannot agree with counsel for appellant that the court below allowed plaintiff to establish his case in chief on the rebuttal. There was an evident mistake on the part of Parker and Wight in their evidence in chief as to the time the March statement was paid, and especially on Wight's part as to its payment directly to the bank. But the fact conceded by plaintiff was true, to wit, that all lumber delivered before the first of April had been paid for, and to allow the correction of their evidence, although it amounted to a contradiction, was not an abuse of discretion that, regardless of the fact that in so doing the truth was arrived at, should cause a reversal of the judgment, if on the facts as a whole, it is found to be correct.

We are satisfied that the contention of plaintiff below was correct, and that the checks of June 27th and 29th were given in payment of the March statement. It further appears from the deposit slip marked " G," and the evidence of Wight, that the April statement, which we understand to be a state-

ment of lumber delivered in March, amounting to $2,586.34, was paid even later than the March statement, to wit, on the 18th of July. It being conceded that the amount of lumber delivered in April was 204,917 feet at $12.50 per thousand; that delivered in June and July to be 67,000 feet at $14.00 per thousand, making a total amount due therefor of $3,499.46. It is clear that the appellant failed to show payment in full, and that the credits he is entitled to have applied on account of April, June and July deliveries are those exclusive of the checks dated June 27th and 29th, to wit, $1,750 in cash, as shown by his checks and the admission of plaintiff, and $300 for commissaries furnished appellee, amounting in the aggregate to $2,050, which leaves a balance due plaintiff of $1,449.46, due on the 10th day of October, 1888.

The finding of the court below that the defendant was indebted to plaintiff in this sum on September 1, 1888, and that he was entitled to interest on the same at the rate of ten per cent per annum until date of judgment, is erroneous in two particulars: First, because the last payment of $1,000 was not made until the 10th of October, 1888, leaving this balance then due; second, because the claim sued on is not one that falls within the enumerated cases that, by the statute then in force, would draw interest. The judgment will be reversed and the cause remanded, with directions to the court below to enter judgment for $1,449.46.

*Reversed.*