## BOURKE v. VAN KEUREN.

1. AGENCY—CONTRACTS—EVIDENCE.
A written authority to a broker to sell land at a certain price per acre net, does not conclusively imply that the sale is to be for cash, and parol testimony is admissible to supplement and explain it.
2. EVIDENCE:
A parol stipulation may always be shown that a written instrument was not to become of binding force unless some condition precedent was previously fulfilled.
3. APPELLATE PRACTICE—EXCEPTIONS.
Questions arising upon the giving of an instruction, to the giving of which no objection was made in apt time in the court below, and

no exception preserved in the record, are not properly before the court for consideration.

4. Burden of Proof.

The burden of proof is upon one who, having given authority to a broker to sell land, claims that there was a revocation of the broker's authority prior to a sale.

*Appeal from the District Court of Pueblo County.*

Messrs. Dixon & Dixon and Mr. S. D. Brosius, for appellant.

Mr. John W. Sleeper, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

This action was brought by appellee to recover a commission for procuring a purchaser for certain lands placed in his hands for sale by appellant. The case was tried to a jury and resulted in a verdict for appellee for the amount claimed, less a certain credit. From a judgment entered upon this verdict this appeal is taken.

The appellant urges several exceptions to the rulings of the court below upon the trial, that in different ways practically present for our consideration the important and controlling question as to the admissibility and the legal effect of certain oral testimony admitted upon the trial.

It appears that on March 14, 1888, the appellant executed to appellee the following written authority to sell the land in question:

"Pueblo, Colo., March 14, 1888.

"I hereby authorize H. S. Van Keuren to sell until further notice certain land amounting to 6000 acres more or less, in townships 19 and 20, south of range 64 west, in Pueblo county, Colorado, at seven 75-100 dollars per acre, net.          John C. Bourke."

And that on the 9th day of January, 1889, appellee negotiated a sale of the land to H. B. Chamberlin & Bros., and

executed the following receipt and memorandum of agreement :

" I, H. S. Van Keuren, the person named in the certain power to sell given me by John C. Bourke under date March 14, 1888, which is hereto attached and now stands unrevoked and of full force, virtue and effect, do hereby acknowledge receipt of the sum of five hundred dollars of Messrs. H. B. Chamberlin & Bros. this day paid by them to me as and for down payment upon the purchase by them of me under and by virtue of the said authority hereto attached of the described property which was on said 14th day of March, 1888, the property of said John C. Bourke, and others, and was included in said authority to sell, hereto attached, viz : (Here follows description of land by sections, half sections and quarter sections amounting to 6160 acres) for the sum of forty-nine thousand two hundred and eighty dollars ($49,280.00) the balance of which to wit, $48,780, is to be paid as follows : $15,926.00 ten days after delivery to said Chamberlin of abstracts of title showing perfect title to said lands, upon delivery of good and sufficient warranty deeds therefor ; $16,427.00 one year from date of deed or deeds of said property to said Chamberlins, and the balance of $16,427.00 two years from and after date, with interest on said two last mentioned sums at eight per cent per annum from said date of deed, payable semi-annually, said two payments to be secured by said Chamberlins by notes secured by deed or deeds of trust on said premises.   And in consideration therefor, I, said H. S. Van Keuren, have and do hereby promise, covenant and agree, to convey or cause to be conveyed under and by virtue of said authority, all of the above mentioned property by deed or deeds as aforesaid, conveying good, unincumbered title thereto on or before thirty days from the date hereof unto said H. B. Chamberlin & Bros., their heirs or assigns.

" The words 'and others' inserted on first page and the word ' their ' erased on second page hereof, before signing and reading the same.   In witness whereof the said H. S.

Van Keuren has hereunto set his hand this 9th day of January, A. D., 1889.

"(Signed)      H. S. VAN KEUREN,
"EGBERT MOORE,
"Witness."

The appellee, over objection, was permitted to testify that the terms upon which he was authorized to sell the land were not definitely settled, but were left open and to be arranged at the time of the sale. That Bourke required at least one third cash and as much more as appellee could get. That at the time he gave the written memorandum of sale to Chamberlin & Bros. he informed them that he had no definite authorization as to terms from Mr. Bourke; and it was mutually understood that if the credits specified in the agreement were not satisfactory to Bourke, and he should require all cash, Chamberlin & Bros. would, notwithstanding the written memorandum, pay all cash.

It is insisted by counsel for appellant that by the terms of the written authority a cash payment for the land is to be conclusively presumed; and that this parol testimony was inadmissible on the ground that its effect was to alter its legal meaning. We think this objection is not tenable. The authority conferred thereby upon appellee was only to procure a purchaser at a specified price per acre, and when read in the light of the surrounding circumstances, cannot reasonably be held to import more than this. Appellee testifies that it was drawn up by him and signed at his request, to enable him to show any possible purchaser that he had authority to sell; and the lack of all detail as to time and terms of payment for so large an amount of land, the larger portion of which was held under option by appellant, is, of itself, a very strong circumstance to indicate that the parties intended to leave open for future negotiations, as between the purchaser and appellant, the terms upon which a transfer of title was to be made. In these particulars the writing was obscure and incomplete, and parol testimony was admissible to supplement and explain it.

But, however this may be, and if the contention of counsel for appellant be correct—that the legal import of the terms of the writing itself is that a sale for cash was conclusively intended—it clearly appears from the evidence that such a purchaser was procured; that, notwithstanding the written memorandum of agreement given by appellee to the purchasers for deferred payments, Chamberlin & Bros. were ready and willing, if appellant required, to make payment in cash. This agreement did not in terms purport to bind appellant, nor could it have that legal effect. It was, as contended by counsel for appellant, so far as the authority conferred upon appellee by appellant, unauthorized. He was not, in terms or by legal intendment, authorized to execute any contract of sale, but only authorized to procure a purchaser. This was understood between appellee and Chamberlin & Bros. The written authority of appellee to sell was made a part of the agreement between them, and the want of authority conferred thereby upon appellee to bind appellant, by the terms specified in the memorandum of sale, was fully discussed and understood by the purchasers. It was also agreed between them and appellee that the assent of the appellant to its terms was to be a condition precedent to its becoming a binding contract, even as to appellee. "An oral stipulation may always be shown that the instrument was not to become of binding force unless some condition precedent was previously fulfilled." *Lindley v. Lacey*, 17 C. B. N. S. 578; *Murray v. Stair*, 2 B. & C. 82; *Wallis v. Littell*, 11 C. B. N. S. 368; *Wilson v. Powers*, 131 Mass. 539; *Earle v. Rice*, 111 Mass. 17.

We think, therefore, that the oral testimony introduced was admissible to show the condition upon which the written agreement signed by appellee was to become effective, if at all; and to show, as a matter of fact, notwithstanding the agreement, the procurement of parties by appellee who were ready and willing to purchase for cash.

Furthermore, it appears from the evidence that appellant did not refuse to consummate the sale negotiated by appellee

on the ground that the agreement made with the purchasers was not within the authority conferred upon appellee; but upon the ground of his inability to convey the title to the land, and upon the further ground that appellee's authority to sell had theretofore been revoked. Upon the trial the only controverted question of fact was the revocation of appellee's authority prior to the sale. Appellant alleged and attempted to prove that on May 10, 1888, he had expressly revoked the authority of appellee; and upon conflicting testimony the court submitted this issue to the jury, with an instruction that the burden of proof was upon appellant to show such revocation.

The assignment of error predicated upon the giving of this instruction is not properly before us for consideration upon this review, since no objection to giving the same was made in apt time in the court below, and no exception taken or preserved in the record. Yet we think it due to counsel, who have so ably argued the question, to say that in our opinion the instruction complained of correctly submitted this question of fact to the jury.

We do not deem it necessary to notice in detail all of the objections urged by counsel for appellant in support of their assignments of error, but, suffice it to say that a careful examination of the record discloses no error that would justify a reversal of the judgment. The judgment is accordingly affirmed.

*Affirmed.*