## McQUOWN v. THOMPSON.

PRACTICE IN CIVIL ACTIONS—DIRECTING VERDICT.

An instruction directing a verdict for the plaintiff can be justified only where the pleadings and evidence leave no room for a difference of opinion, and where the judgment which should be rendered is manifest and indisputable.

*Appeal from the District Court of Arapahoe County.*

Mr. J. W. HORNER and Mr. P. B. GODSMAN, for appellant.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

Appellee was a real estate agent, and brought this suit against the appellant to recover $350 as a commission charged for negotiating a sale of real estate belonging to her. After the evidence on both sides had been introduced, the court instructed the jury as follows :

" Under the undisputed facts of this case as they appear from the pleadings and the evidence, the plaintiff is entitled to recover the usual and regular rate of commission prevailing in the city of Denver for making sales of the real property, which in this case to be $350. You will, therefore, return a verdict in his favor for that sum."

An instruction like this can be justified only where the pleadings and evidence leave no room for a difference of opinion, and where the judgment which should be rendered is manifest and indisputable. If there is conflicting evidence concerning any material fact, or if the facts are involved in doubt, the case must be submitted to the jury by proper instructions, and to direct a verdict is a usurpation of their province.

The complaint alleges a promise by the defendant to pay

the sum charged. It also alleges that the charge was fair and reasonable. The answer denies the promise, and denies that the charge was fair or reasonable. It also sets forth that the defendant was induced to receive in place of money, as part of the consideration of the property, two notes aggregating $1,400, by representations of the plaintiff, made as of his own knowledge, and upon which she relied, that the notes were well secured, and were worth their full face value in cash; whereas they were not well secured, and were practically worthless, so that she was unable to realize anything upon them. The affirmative matter is denied by the replication.

The testimony of the plaintiff tended to support the allegations of his complaint, and the evidence in behalf of the defendant tended to support her answer. The facts were in dispute both by the pleadings and the evidence, and the giving of the instruction was error.

The judgment will be reversed.

*Reversed.*