[No. 3766.]

HURLBURT v. DUSENBERY ET AL.

1. CONTRACT—EVIDENCE—CONTEMPORANEOUS PAROL AGREEMENT.
In an action on a written contract whereby the defendant who held certain mining claims under a bond and lease from the owners, agreed to pay the owners a certain price for development work, evidence of a contemporaneous parol agreement is admissible to show that the contract was made to enable defendant to get from certain prospective purchasers the money to compensate plaintiffs for work done on their own property, in case the sale was consummated, and that it was not to become effective or binding on the defendant unless the money was received from that source.

2. CONTRACTS—EVIDENCE—PAROL PROOF OF WRITTEN CONTRACT.
Where, in proving by parol testimony the terms of a written contract there is a conflict of evidence as to its terms, so that the effect of the contract is dependent upon a determination as to which of the

witnesses gave the true version of the contract, it is for the jury to decide, and it is error for the court to direct a verdict.

3. CONTRACTS—MODIFICATION—EVIDENCE.

In an action upon a written contract where there is evidence tending to establish a subsequent parol agreement modifying the original under which the parties acted and the evidence is conflicting, it is for the jury to determine whether the evidence is sufficient to establish such an agreement as would change or modify the original contract, and it is error for the court to direct a verdict.

4. PRACTICE—PLEADING AND PROOF—OBJECTIONS WAIVED.

Objection to the proof of a defense on the ground that it is not pleaded should be made at the time the proof is offered, and an opportunity given the party offering the proof to amend his answer, and if not made at that time it cannot be raised on appeal.

5. CONTRACTS—INTEREST.

In the absence of a contract for interest, interest is only recoverable upon the subjects enumerated in the statute, and is not allowable upon a balance due for work.

### *Appeal from the District Court of Ouray County.*

THE appellees and Brookover and Howard, were the owners of the Iranistan and Bobtail lode mining claims and millsites connected therewith. On December 16, 1897, they executed a bond and lease on these claims to the appellant, which, among other things, provided for the payment of $75,000 in instalments, and the running of a crosscut tunnel, to cut the Iranistan vein, the work to be commenced not later than June 1, 1888, and to be completed during the life of the bond, which would expire May 1, 1889. It was understood by the parties that appellant procured the bond and lease for the purpose of negotiating a sale of the property to, or through, J. S. Marchant and Albert Larchen, who were then residing in England; and with the expectation of procuring from them the money necessary to do the development required. The liability sought to be enforced in this action, however, is not based upon any obligation imposed upon appellant to do the work in question by the terms of this bond and lease; but they were introduced in evidence simply to show the relation of the parties to the property. On February 1, 1888, no

money having been received from the parties in England, and the appellees being desirous of commencing the work, a written agreement was entered into between them and the appellant, and it is upon this agreement that appellees predicated their right to recovery in this action. This agreement was not produced upon the trial, and oral testimony as to its terms and conditions was admitted. Dusenbery, on behalf of appellees, testified that it provided that the appellees should run the tunnel at the agreed price of $12.00 per foot, but with the proviso that the work was not to be paid for by appellant if, on or before the first day of June, he elected to surrender the bond and lease, in which event, the contract was to be null and void. If he did not so elect, and should, on the first day of June, pay to them $400 for the work performed prior to that time, the work should be continued and the tunnel completed for the price agreed upon. He further testified that appellant, about June first, in pursuance of this proviso, paid appellees $200; and that during the continuance of the work (which was completed on November 1, 1888), he made other payments amounting, in the aggregate, to $873. Hurlburt testified that it was simply a straight agreement that he should pay $12.00 per foot for the driving of the crosscut, and contained no provision that he should pay the sum of $400, or any other sum, at any particular time, but that it was expressly understood that he should not be personally liable on the contract, and that any payment by him for the work was contingent upon his receiving the money from England, and that the contract was drawn for the purpose of showing the parties who were contemplating the purchase of the property, how the money, when sent him, was to be expended; and his version of what occurred, on or about the first of June, and the reasons why he advanced to appellees the $200 at that time, is as follows:

"About the first of June, 1888, Mr. Couse came down—perhaps Mr. Dusenbery, too, but I don't recollect whether he was along or not—and Mr. Couse asked me if I could not advance them some money. He said it would be impossible for them

to continue the work up there any longer, without meeting some of their bills that they had already incurred, and for necessary expenses. I told him at the time, distinctly, that I had no money of my own to put in any such venture, unless I had a guarantee that I should have it returned to me in the future, upon which he stated, that in any event, if this sale which I was trying to negotiate, did not go through, and they made a sale to any other party at any subsequent time, that I should be reimbursed for whatever money I would advance to them; and upon these terms and conditions only, I advanced the money that I did advance."

The court below ruled out the testimony of appellant as to the contemporaneous oral agreement, and also held that Mr. Hurlburt's statements regarding the conditions under which he advanced the money which he paid on or about the first of June, and subsequent to that date, did not disclose any change or modification of the written agreement which they entered into on or about the first day of February, 1888, and instructed the jury that there was no material disputed question of fact to submit to them for their determination, and directed them to return a verdict for the plaintiffs, for the amount which the work performed amounted to, at $12.00 per foot, less $873 paid thereon, together with interest on such balance from the first day of November, 1888, at ten per cent per annum; and the jury returned a verdict accordingly. Motion for a new trial was overruled, and judgment entered upon the verdict. To reverse this judgment, Hurlburt brings the case here on appeal.

Messrs. HENRY & SIGFRID and Mr. R. D. THOMPSON, for appellant.

Mr. J. P. CASSIDY, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

1. We think the testimony of appellant, as to the contemporaneous oral agreement, was admissible. This evidence

was not introduced to contradict or change the written agreement, but for the purpose of showing that while it was, in form, a complete contract, yet, it was prepared to enable appellant to procure, from a prospective purchaser, the money to compensate appellees for doing work on their own property, in case the sale he was attempting to negotiate should be consummated; and that it was not to become effective or binding, as between the parties, unless he received the money from that source. In other words the testimony was offered to show that the written agreement was not to become a binding contract until the happening of a condition resting in parol. That oral evidence is admissible for such purpose is now well settled. *Burke v. Dulaney*, 153 U. S. 22; *Bourke v. VanKuren*, 20 Colo. 95; *Pym v. Cambell*, 6 El. & Bl. 370; *Wilson v. Powers*, 131 Mass. 539; *McFarland v. Sykes*, 54 Conn. 250; *Reynolds v. Robinson*, 110 N. Y. 654; Wharton on Evidence, § 927; *Juillard v. Chaffee*, 92 N. Y. 529; *Grierson v. Mason*, 60 N. Y. 394; *Denver Brewing Co. v. Barets*, 9 Colo. App. 341.

The rule is thus concisely stated by Mr. Wharton:

" It is always admissible to show by parol, that a document was conditioned on an event that never occurred. In other words parol evidence is not admissible to vary the terms of a written contract, but it is to show that no contract ever existed of which they were terms. Parol evidence is admissible, therefore, to adopt one of Sir J. Stephens's expressions, to prove 'the existence of any separate or oral agreement constituting a condition precedent to the attaching of any obligation, under any contract, grant, or disposition of property.' Hence, it may, therefore, be shown by extrinsic proof, that a deed, within the statute of frauds, and duly signed, was not intended to operate as a binding conveyance."

In *Pym v. Campbell*, *supra*, Earl, J., said:

" The production of a paper purporting to be an agreement by a party, with his signature attached, affords a strong presumption that it is his written agreement; and, if in fact he did sign the paper *animo contrahendi*, the terms contained

in it are conclusive, and cannot be varied by parol evidence; * * * but, if it be proved that in fact the paper was signed with the express intention that it should not be an agreement, the other party cannot fix it as an agreement upon those so signing it."

Crompton, J., said:

"I know of no rule of law to estop parties from showing that a paper, purporting to be a signed agreement, was in fact signed on the terms that it should not be an agreement till money was paid or something else done.

In *Reynolds v. Robinson, supra,* it was said that the rule was now well established that "parol evidence is admissible to show that a written paper which, in form, is a complete contract, of which there has been a manual tradition, was, nevertheless, not to become a binding contract until the performance of some condition precedent resting in parol."

In *Greirson v. Mason, supra,* it was held that parol evidence is admissible to show that a writing, purporting to be a contract, was not intended as such, but was executed for a specific purpose. The action was brought to recover the proceeds of goods sold by defendant as agent. He set up as a counter-claim his employment by plaintiff's assignors, to sell on commission, with the agreement on their part, that his commission should not be less than $1,500 per year. In reply, the plaintiff produced a written agreement, drawn up by defendant, and signed by their assignors, to the effect that the defendant was to receive a commission of five per cent upon the sales made. Defendant gave evidence, in substance, that the writing was executed not as a contract between the parties, but to induce one Woods to advance money upon the goods. Under these facts, the question was, whether parol proof of the purpose for which the instrument was executed was competent; and speaking to this point, Miller, J., said:

"The object of the testimony was to show that the instrument was executed for a specific purpose, and that purpose being accomplished, was of no effect in changing the contract previously made with the defendant. I think that it was

competent evidence for this purpose. The defendant made out a contract. The plaintiff proved an instrument which altered the contract, and the defendant had a right to prove that the instrument introduced was not intended as an alteration of the contract, but with a view of accomplishing a particular purpose. Such evidence was not given to change the written contract by parol, but to establish that such contract had no force, efficacy, or effect. That it was not intended to be a contract, but merely a writing to be used in inducing Woods to make advancements upon the goods. This is in avoidance of the instrument and not to change it; and I do not see why the testimony was not as competent in this case as it would be to show that a written instrument was obtained fraudulently, by duress or in any improper manner. Such evidence does not come within the ordinary rule of introducing parol evidence to contradict written testimony, but tends to explain the circumstances under which such instrument was executed and delivered."

We think that the oral understanding attempted to be shown by appellant, if established, would bring this case within the rule laid down in the foregoing authorities; and that the court erred in ruling out the testimony offered for that purpose.

2. Aside from the question as to the admissibility of the testimony of Hurlburt, as to the oral agreement, there was, in our opinion, from the testimony introduced, a question of fact in issue. The written agreement of February 1, as testified to by Dusenbery, was materially different from the one testified to by Hurlburt. He testified that the agreement was to become effective only upon Hurlburt's election to pay, upon June first, for the work performed prior thereto; and that the payment made by Hurlburt at that time was made in pursuance of that proviso, and that he thereby assumed an obligation to continue and complete the tunnel; while, on the other hand, Hurlburt denied that the original agreement contained any such provision, and stated that the payment he then made was made under a new and distinct agreement and under-

standing. It, therefore, became important, in determining what effect should be given to the fact of his making a payment at that time, for the jury to decide, as between these witnesses, which gave the true version of the transaction; and furthermore, whichever version of the original contract the jury may have accepted as true, this testimony tended to show a new and distinct agreement, upon which this and subsequent payments were made, and that the money was advanced by appellant, not in pursuance of the original agreement which, up to that time was concededly of no binding force or effect, but with the distinct understanding that it was to be returned in case of a sale of the property. The conversation between the parties at that time was admissible upon the question of fact as to whether there was a change or modification of the original contract. Whether Hurlburt's statements as to the conditions under which he advanced the money were sufficient evidence of such an agreement as would work such change or modification, was for the jury to determine, and the court, therefore, erred in directing a verdict. *Ryan v. Hunt*, 4 Sneed, 543; *McQuown v. Thompson*, 5 Colo. App. 466; *Colo. C. & I. Co. v. John*, 5 Colo. App. 213; *McRae v. Bank*, 6 N. D. 353.

It is now for the first time objected that the appellant should not be permitted to avail himself of the defense that there was a subsequent agreement, because the same was not specially pleaded. Whether or not, from the averments of the voluminous answer, warrant for the introduction of this testimony may be found, it is unnecessary to determine, since, if this proof was objectionable upon this ground, or was at variance with the averments in the answer, advantage of such objection should have been taken at the time. This was not done; but, on the other hand, the parties treated this question as an issue, and the court expressly ruled that the appellant might show a modification of the written agreement. If such proof was not admissible under the pleadings, the objection should have then been made, and an opportunity given appellant to amend his answer, so as to obviate this objection. *Colo. Mortgage Co. v. Rees*, 21 Colo. 435, and cases cited.

It was also error to instruct the jury to allow interest on the balance found due. Interest in this state is recoverable, in the absence of contract, only upon the subjects enumerated in the statute. *Hawley v. Barker*, 5 Colo. 118; *D., S. P. & P. R. R. Co. v. Conway*, 8 Colo. 1; *Salazar v. Taylor*, 18 Colo. 538; *De Remer v. Parker*, 19 Colo. 242; *Dexter v. Collins*, 21 Colo. 455.

The claim sued for in this case does not come within any of the cases enumerated in the statute then in force. Gen. Stats. 1883, sec. 1707, p. 559. For the foregoing reasons, the judgment is reversed and the cause remanded.

*Reversed and remanded.*