### [No. 6193.]

## THE DOWNING INVESTMENT COMPANY v. COOLIDGE.

1. **Principal and Agent—Agent's Authority** — Authority to sell lands "for cash" does not warrant a sale upon terms that part of the purchase price shall be paid at a later date.—(348)

2. **Specific Performance — Contract of Sale by Agent —** A contract for the sale of real property executed by an agent on behalf of the principal will not be enforced unless it appears that the agent strictly pursued his authority, or that his act was subsequently ratified by the principal.—(349)

Where the written contract executed by the agent and which is the basis of the action, expressly grants to the buyer a specified time to make payment of a large part of the purchase money, and the agent's authority was to sell only "for cash," evidence of an oral promise by the buyer to pay the balance of the principal as soon as the abstract of title was examined will not affect the question.—(350)

Nor will it change the result that a day in the future was appointed for the payment of the residue of the price, in order to enable the agent to obtain the abstract, and a conveyance, and was so arranged at the agent's request, when these facts were not included in the written contract.—(351)

*Appeal from Denver District Court*—Hon. CARLTON M. BLISS, Judge.

Mr. W. M. DOWNING, for appellant.

Mr. G. M. ALLEN, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

Action for the specific performance of an alleged

contract for the sale of real estate; from a judgment by motion upon the pleadings in favor of the appellee (defendant below), the appellant appeals.

The appellee, a resident of New York City, was the owner of certain lots in the city of Denver. All negotiations with him concerning their sale were by correspondence between him and M. Hewitt, a real estate agent in Denver, upon the strength of which, he, as the pretended agent of the appellee, entered or attempted to enter into a contract with Warwick M. Downing for the sale of the lots. The contract was in writing as follows:

"June 5, 1903.

"Received of Warwick M. Downing, undersigned purchaser, by C. M. Coolidge, undersigned, by M. Hewitt, agent for seller, the sum of fifty and 00-100 ($50.00) dollars, as partial payment for real estate described as follows:

"All of blocks eight (8) and twenty-nine (29) and lots nine (9) and ten (10) in block nine (9), all in Chamberlin's Colfax Addition in the city and county of Denver, Colorado. Said purchaser agrees to pay for said real estate the entire purchase price of twelve hundred and eighty ($1,280) dollars, as follows: fifty and 00-100 ($50.00) dollars on execution of this agreement, receipt above acknowledged; and the balance, twelve hundred and thirty and 00-100 dollars ($1,230) on or before the 15th day of July, 1903; the undersigned seller agrees to sell and convey said real estate to said purchaser on the above terms (furnishing an abstract of title, certified to date, within ten [10] days), and to execute and deliver a good and sufficient warranty deed, conveying said real estate to said purchaser or his assigns, free from all liens or incumbrances, except taxes of 1903, on the 15th day of July, 1903, at the time of the payment of said balance of twelve hundred and

thirty ($1,230) dollars at the office of Milward Hewitt, Denver, Colorado. The taxes of 1903 shall be paid by the purchaser.

"C. M. COOLIDGE, Seller.

"By M. HEWITT, Agent.

"WARWICK M. DOWNING, Purchaser.

"In the presence of"

The $50 therein named was paid by Mr. Downing to Mr. Hewitt, but it was never forwarded to Mr. Coolidge, who, upon notice of the attempted sale, refused to be bound by the contract. Thereafter, the contract was assigned by Mr. Downing to the appellant, who brought this suit to enforce its specific performance.

Copies of a part of the letters passing between Mr. Hewitt and the appellee and a copy of the contract were set forth in the complaint; copies of the remainder of the correspondence were set forth in the answer which denied the authority of Hewitt and alleged the pleadings contained copies of all the correspondence; no replication was filed to the answer.

These letters, thirteen in number, covered a period of time from April 14 to June 18, 1903, and tended to show that Mr. Hewitt, a real estate broker in Denver, was, with the knowledge and consent of the appellee, attempting to find a purchaser for the lots at such price and upon such terms as were satisfactory to the appellee, who, by his letters, appears to have been undecided and to have changed his mind at various times concerning the selling price and terms. Mr. Hewitt was not a general agent for the appellee as Mr. Henderson was held to be in the case of *Winch v. Edmunds,* 34 Colo. 359; he did not have charge of the property nor pay the taxes thereon so far as the record discloses. It appears from

the entire correspondence that only the letter of June 1, 1903, from the appellee to Hewitt was relied upon for authority in the agent to execute the contract and make this sale; the part relied upon was as follows:

"Your favor received and in reply will say that I would not care to sell the lots for less than twenty dollars per lot and I would only sell for cash. * * * If I only lived in Denver I would certainly keep them for an investment, * * * If your party wishes them, I will send you the abstracts or copies of the same. I think I know a party here who will give me twenty dollars per lot."

It is claimed by the appellant that Hewitt's act in the execution of the contract of sale as agent for the appellee was fully authorized by the letters passing between them and hence the contract is binding; if so, it was procured under the portion above quoted, but we do not deem it necessary to pass upon the question as to whether or not this letter constituted an agency which gave the agent authority to enter into a contract with the purchaser and make a sale upon behalf of his principal, upon which there seems to be a conflict of authorities; for if Mr. Hewitt was thus created an agent at all it was a special agency for a specific purpose, limited by the instructions given which state he, the appellee, would only sell for cash, and thought he knew a party there (in New York) who would give him the $20 per lot. The contract attempted to be made by Mr. Hewitt, as his alleged agent, called for $50 cash, and gave time, forty days, for the payment of the balance, if binding, thus tying up the lots and preventing sale to anyone else during that period, and this in the face of the specific statement that he would only sell for cash and had another party himself who he thought would take them at that price.

In the case of *Rundle v. Cutting*, 18 Colo. 337, it

was held an authority to sell real estate for cash does not empower the agent to sell on credit. In that case the agency given only authorized the procurement of cash purchasers, while, by the terms of the contract made by the agent, as stated by the court, "the property was to be tied up for at least twenty days, during which time other purchasers were to be prevented from buying." In this case if authority was given at all, which we do not decide, the letter stated the appellant would sell for cash only, while by the terms of the contract made by Hewitt the property was to be tied up for at least forty days, during which time other purchasers were to be prevented from buying, and in case the contract was not fulfilled it might have been the cause of appellee's losing his other prospective purchaser whom he thought he had, or have prevented the sale at all to other persons for that price during that time; for, as stated by the court upon somewhat similar facts in the case of *Tibbs v. Zirkle,* 55 W. Va. 49:

"For the time being it prevents a sale, it matters not what the event thereof may be, and if Zirkle had authority to give an option for three months, he had the right to extend such option for three years, and in this manner he might indefinitely tie up the property and prevent instead of securing a sale thereof."

In the case of *Speer v. Craig et al.,* 16 Colo. 478, it was held:

"Where suit is brought for the specific performance of a contract for the sale of land entered into by an agent, unless there has been a subsequent ratification, it must appear that the prior authority conferred upon the agent was strictly pursued * * * If the agent agree to conditions with a purchaser more favorable in his judgment than the terms he is authorized to make, he and the purchaser

take the risk of the principal's refusal to consummate the contract by deed."

It seems to be the general rule that a broker employed to sell real or personal property, unless so authorized, has no authority to sell on total or partial credit.—Vol. 19, Cyc. of Law and Procedure, p. 295. And this rule is not in any respect modified or changed by the case of *Bourke v. Van Keuren*, 20 Colo. 95, which simply holds that where the contract is silent it does not conclusively imply that the sale is to be for cash, and parol testimony is permissible to supplement and explain it.

Assuming that Hewitt was authorized to execute a contract and make a sale, the one made was not such a contract as he could have been authorized to make by the letter of June 1, 1903, and the appellee cannot be held by it.—*Field v. Small*, 17 Colo. 386. The contention of counsel that the purchaser agreed orally with Hewitt, at the time of the execution of the contract, to pay cash as soon as the abstract was examined and title approved, if true, does not change the conditions. The suit was brought for specific performance of the contract; if a sale was made at all it was under the provisions of the contract. This stated payment was to be $50 cash and the balance, $1,230, on or before July 15, 1903, which was in violation of the express statement of the appellee.

The other allegations in the complaint stating that the time of payment of the balance of the purchase price was fixed in the contract at or before the 15th day of July, 1903, at the request of Hewitt, in order to give him an opportunity to get the abstracts and deed from his client; that oral agreements were made at the same time (which were in violation of its terms), also that the meaning of the words "on or before the 15th of July, 1903," named in said contract was to be on or before said date, at the

option of the appellee, at best are allegations in contradiction of the express terms of the written contract, as signed, and were attempts to vary its terms by parol evidence. This was not the ruling in *Bourke v. Van Keuren, supra,* or *Hurlburt v. Dusenbery et al.,* 26 Colo. 240.

The judgment of the district court must be affirmed without reference to the question raised by appellee upon the statute of frauds.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.