OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1896,

AND IN THE FIFTIETH YEAR OF THE STATE.

---

JOHN CONDON, Appellant, v. S. T. OSGOOD, et al.*

**Specific Performance:** PRINCIPAL AND AGENT. A contract for a sale of land, executed without authority by an agent authorized merely to submit propositions to his principal for approval, will not be specifically enforced against such principal where the contract price was inadequate, to the knowledge of both parties.

*Appeal from Emmet District Court.*—HON. GEORGE H. CARR, Judge.

SATURDAY, JANUARY 25, 1896.

ACTION to enforce specific performance of a contract for the sale of land. Judgment for the defendant

---

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

Osgood, and the plaintiff and the other defendants appealed.—*Affirmed.*

*E. C. Roach* for appellant.

*Soper, Allen & Morling* for appellees.

GRANGER, J.—The defendants, other than Osgood, are C. M. Carpenter and G. A. Gibson. The contract, of which specific performance is sought, is as follows: "Estherville, Iowa, Nov. 1, 1892. This agreement witnesseth: That we have this day sold to John Condon, of Cherokee, Iowa, the S. ½ sec. 33, Twp. 98, range 31, Emmet county, Iowa, for the sum of $4,960, payments as follows: $1,300 cash, receipt of $200 of which is hereby acknowledged; a note for $200, running six months; assume a mortgage to Scottish American Land Company for $1,600; balance in five equal annual payments, all notes to draw 6 per cent. interest. Deed and abstract to be furnished, and deal closed, on or before November 15, 1892, through the First National Bank of Rock Rapids, Iowa. S. T. Osgood, per C. M. Carpenter. G. A. Gibson. John Condon." It will be seen that Osgood's name appears to the contract as "Per C. M. Carpenter." The issues are such that the plaintiff, Carpenter, and Gibson are united in interest. The answer of Osgood denies the execution of the contract sought to be enforced, and denies any authorrity of Carpenter to execute it in his behalf. He attaches, as an exhibit to his answer, a "land contract," by the terms of which he agrees, upon certain payments specified, to convey to Gibson his interest in the land in question. This contract is dated July 11, 1891, and the name of Osgood appears thereto "per C. M. Carpenter." Osgood denies the validity of said contract, or that Carpenter had authority to make the same, and he says that, in making said contract,

Carpenter and Gibson were acting in their own behalf, and not in his. His answer contains other averments, as to the invalidity of the contract and a failure to observe its terms, and he asks that both contracts be declared void, and that his title to the land be quieted. The reply contains a denial of a want of authority to Carpenter to make the contract; avers such authority, and a joint ownership of the land by Osgood and Carpenter; pleads a waiver of the right to declare the contract forfeited, and a ratification by Osgood of the acts of Carpenter. The district court specifically found that the acts of Carpenter in making the contracts were wholly unauthorized, that the contracts were void, and quieted the title in defendant Osgood. As to the authority of Carpenter to make the written contract for Osgood, the evidence is hardly in conflict. There certainly was never any express authority to do so, and the facts are wholly insufficient to justify an inference of such authority. Just the authority possessed by Carpenter, in regard to negotiating sales of land for Osgood, is not so easily determined; but we are of the opinion that he had no authority to conclude contracts, but merely to submit propositions to Osgood for approval. The claim of waiver or ratification is not supported. It is based largely on the testimony of Carpenter, in which he is contradicted by Osgood, and corroborating facts are wanting. These conclusions are conclusive of the case. It is not important nor practicable to set out the evidence or discuss it. The transaction with the plaintiff is not one authorized by Osgood, nor one by which he is bound. The payments made on the land were made to Carpenter and Gibson, neither of whom had an interest in the land, and Osgood has never profited by the transaction. The contract price for the land, under both contracts, was

inadequate, which fact the parties to the contracts well knew. These conclusions are decisive of the case, and the judgment is AFFIRMED.