## SPEER v. CRAIG ET AL.

1. SPECIFIC PERFORMANCE — SALE OF LAND BY AGENT.— Where suit is brought for the specific performance of a contract made by an agent for the sale of land, unless there has been a subsequent ratification, it must appear that the prior authority conferred upon the agent was strictly pursued.

2. BURDEN OF PROOF THAT AGENT PURSUED HIS AUTHORITY.— The plaintiff has the burden of establishing such compliance by the agent when the question is properly in issue under the pleadings.

3. DEPARTURE FROM AUTHORITY BY AGENT — RISK OF PURCHASER.— The departure from the agent's authority may be so palpably in the interest of his principal that a court of equity will decree specific performance. But in general the conclusion of the agent and purchaser that a contract is more favorable to the principal than the terms of the agency authorize is subject to the risk of refusal by the principal to consummate the contract.

4. PLEADING — WAIVER OF VERIFIED ANSWER.— The statutory privilege accorded plaintiff of requiring a verified answer, by verifying his complaint, may be waived.  Such waiver takes place where a replication to the answer is filed, the cause is set for trial, and the day of trial arrives before objection is interposed for the want of a verified answer.

5. JUDGMENT ON PLEADINGS — WHEN MOTION THEREFOR IMPROPER.— Technically a motion for judgment on the pleadings, because of the failure to verify the answer, is inaccurate.  This motion is usually interposed only where one or more of the material averments of fact in the complaint or answer are admitted or left undenied by the answer or replication.

6. STRIKING ANSWER FROM FILES — JUDGMENT BY DEFAULT.— The proper motion in the premises is to strike the unverified answer from the files and for judgment as by default.

*Appeal from District Court of Arapahoe County.*

Mr. R. D. THOMPSON, for appellant.

Mr. C. H. BURTON and Mr. C. G. RICHARDSON, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

The firm of Hicks & Bailey, real estate agents in Denver, on behalf of appellee Nellie Barton Craig, executed and delivered to appellant a written contract for the sale of certain property then appearing on the records of Arapahoe county as belonging to Nellie Barton.  Mrs. Barton's remarriage was unknown to Hicks & Bailey, and the contract is in her recorded name.  The sum of $100 in cash was paid upon the written contract, and the provisions thereof were in all respects sufficient to justify a decree for appellant, provided the property belonged to Mrs. Craig and Hicks & Bailey were clothed with sufficient authority in the premises.  Mrs. Craig refused to execute a deed, and the present suit is by appellant as purchaser to compel the specific performance of the contract.

Mrs. Craig, by answer, denied her ownership of the property when the contract was made, asserting that she conveyed the same by deed to her son, N. H. Barton, the other

defendant and appellee. This deed purported to have been executed several years previous to the negotiations with Hicks & Bailey, and was unrecorded at the time of such negotiations. The agency of Hicks & Bailey to sell the property was also denied. The son pleaded his incapacity by virtue of infancy to legally authorize a sale, and likewise his disaffirmance. The mother, besides denying ownership, denied any agency of the son to act or contract in her behalf.

Appellees did not reside at the time of the correspondence mentioned in the city of Denver; neither Hicks nor Bailey nor any one connected with the firm was acquainted with appellees or either of them; nor had the firm or any member thereof ever previously acted for them or either of them in any capacity. Hicks & Bailey supposed, until an abstract of title was obtained, that the property was in the name of N. H. Barton, who wrote and signed all the letters to them, and when advised by the record that it was in the name of Nellie Barton, they concluded that N. H. Barton and Nellie Barton were one person, the middle letter being omitted in the deed to her. The business was transacted between the parties entirely by correspondence and related solely to the particular premises in controversy. If, therefore, an agency was created on the part of Hicks & Bailey, it was a special and not a general agency. Nearly all of the correspondence is before us, and it is apparent that the contract to sell, which, though dated March 21st, was not executed until the 27th or 28th of that month, was predicated upon the authority contained in the following letter:

"MONTROSE, COLO., March 23, 1887.
"HICKS & BAILEY, Denver, Colo.:

"*Gentlemen* — I could take the offer as per your letter of the 21st inst. of $2,200, provided that the party could pay $700 down and the balance in one, two and three years, at eight per cent. Please let me hear from you, and I am,                              Yours truly,
"Montrose, Colo., Box 343.          N. H. BARTON."

The contract entered into with appellant by Hicks & Bailey stipulated for the payment of $1,000 in cash, and the balance of $1,200 in one and two years at eight per cent. interest. The first question we shall consider, and the one upon which the learned judge below predicated his decision, is: Assuming that Hicks & Bailey were duly directed by the true owner to sell the property, was there such a variance between the terms upon which they were authorized to sell, and the terms of the contract actually entered into, as to vitiate the latter?

It is claimed by appellant that the contract as made was more favorable to appellees than the conditions prescribed in the letter conferring authority upon Hicks & Bailey; therefore, that appellees cannot be heard to complain of the departure from those conditions. True it is that instead of $700, the sum of $1,000 was to be paid in cash, thus increasing the cash payment by $300; also, that instead of the balance being paid in one, two and three years as specified in the letter of March 23d, it was all to be paid within two years, thus shortening by a year the maturity of the deferred payments. But can we, as a matter of fact or of law, sustain appellant's contention that better terms were obtained than those authorized? Whether this be a fact or not is a question largely of opinion, and the owner's opinion is necessarily the principal guide. He might prefer to have all of the purchase-money consist of deferred payments at a good rate of interest rather than to have any portion thereof advanced in cash; and it might be an important consideration with him that deferred payments should run for a long rather than for a short period of time because of the income by way of interest. As a matter of fact in the present case, appellee Barton testified in substance (assuming himself to be the owner) that he preferred less cash and would rather have had it as specified in the letter.

Where suit is brought for the specific performance of a contract for the sale of land entered into by an agent, un-

less there has been a subsequent ratification, it must appear that the prior authority conferred upon the agent was strictly pursued. *Bissell v. Terry*, 69 Ill. 184. And the plaintiff has the burden of establishing such compliance by the agent, when the question is properly in issue under the pleadings. *Dana v. Turlay*, 38 Minn. 106. If the agent agree to conditions with a purchaser more favorable in his judgment than the terms he is authorized to make, he and the purchaser take the risk of the principal's refusal to consummate the contract by deed. We must agree with the conclusion reached by the court below, that Hicks & Bailey did not execute such a contract as they were authorized to make by the letter of March 23d; and therefore that appellees cannot be held to the specific performance of the same. We must not be understood as asserting that no contract will be specifically enforced where an agent departs from the terms of his authority; if, for instance, he be authorized to sell for $5,000 cash, but closes a bargain for $6,000 in cash, the change is so palpably in the interests of his principal that no court of equity would hesitate in enforcing specific performance.

Counsel for appellant claims, however, that no question concerning *the terms* of the contract could be litigated under the pleadings. It is undoubtedly true that the authority of Hicks & Bailey to make any contract whatever is denied and put in issue. But the amended complaint also avers that Barton "consented and requested" Hicks & Bailey to "sell the said property *on the terms* and *for the price* in said contract contained." Also, that the said Barton was then representing and acting for his mother. The complaint likewise declares that defendants deny the authority of Hicks & Bailey "to make the *said contract*. * * *" Not only was the first of these averments traversed and the second admitted by the answer, but defendant Craig also, among other things, expressly averred "that it is true that said Hicks & Bailey never had any authority to make *the said alleged contract*." The foregoing allegations, admis-

sions and denials, in our opinion sufficiently present the matter. We do not feel at liberty to disturb the judgment on the ground of want of averment or issue in the pleadings.

Counsel's objection touching the verifications of the answers must be overruled. There was an attempt in apparent good faith to comply with the statute in this regard. These verifications conform to most of the statutory requirements. If they were defective, a question upon which we do not pass, the objection should have been earlier interposed. Plaintiff filed his replication to the answers without noticing, by demurrer or otherwise, any defect therein either in form or substance. Subsequently, he appeared by counsel, and the cause was set for trial as if the issues were fully made. When the day of trial arrived and the case was called, a jury having been expressly waived, plaintiff preceded the introduction of his witnesses with a motion for judgment upon the pleadings; then for the first time assigning this objection. The statutory privilege accorded plaintiff of insuring a verified answer, by verifying his complaint, may be waived. And courts, as a rule, insist upon the interposition of objections predicated upon this as well as other formal defects in pleadings at the earliest reasonable moment. Without prolonging the present opinion by a reference to cases touching the subject, we shall hold that the appellant's application came too late.

The suggestion should, perhaps, be made in support of a logical and consistent practice, that technically the motion for judgment on the pleadings is not strictly accurate. This motion touches the substance and not the form of the pleading attacked. It is usually interposed only where one or more of the material averments of fact in the complaint or answer are admitted or left undenied by the answer or replication. *Rice v. Bush, post,* p. 484. The better practice in cases like the present is to interpose a motion to strike the unverified answer from the files and for judgment as by default.

In view of the foregoing discussion and conclusions, it is obviously unnecessary to consider the remaining questions raised by the assignments of error and arguments of counsel. Since the letter of March 23d did not authorize Hicks & Bailey to execute the particular contract upon which suit is brought, all other questions of agency involved and discussed become of no material importance. The foregoing observation is also true concerning the issues of ownership and infancy. For if it be assumed that Mrs. Craig, as Nellie Barton, was the owner, and that her son was authorized to act for her in the negotiations, still, as we have seen, the unauthorized contract cannot be specifically enforced. Likewise, since the evidential objections urged relate to testimony bearing upon the ownership of Mrs. Craig or the agency of Hicks & Bailey and the authority of Barton, the rulings, even if erroneous, would not warrant a reversal.

We regret exceedingly the foregoing conclusion. For with the learned judge who tried the cause, we must question the good faith of appellees. Had there been no unexpected rise in values after the contract was made by Hicks & Bailey, appellees would undoubtedly have been swift to avail themselves of its provisions.

But it is better that such hardships as might possibly result in cases like the present be suffered, than that a precedent be set for more serious invasions of the owner's right to dispose of his property according to the dictates of his own interest and judgment.

The decree of the court below is affirmed.

*Affirmed.*