[No. 227. Decided November 23, 1891.]

WILLIAM SCULLY AND PATRICK H. SCULLY, *Respondents,* v. WILLIAM P. BOOK AND FRANK I. BLODGETT, *Appellants.*

ATTORNEY AND CLIENT—AUTHORITY [TO SELL REAL ESTATE—EQUITY PRACTICE—EVIDENCE SUBJECT TO OBJECTIONS—EXCEPTIONS—UNNECESSARY COSTS.

Where an attorney has loaned the money of a client on real estate mortgage security, and on failure to pay the mortgage has instituted foreclosure proceedings thereon, in which the client has purchased the real estate, and authorized the attorney to sell the same, but refused to pay the attorney's fees earned in the legal proceedings, unless the attorney should sell such real estate for a sum sufficient to reimburse the client for the money originally loaned thereon, with interests and other costs and expenses, the attorney has not such an interest in said land is will authorize him to execute a contract for its sale which can be enforced against the client, and, under such an authorization to sell, the attorney is merely empowered to find a purchaser.

In the trial of an equitable action, where there is any doubt as to whether testimony is subject to objection, such testimony should be admitted, for in case of appeal, if the supreme court should find that evidence was improperly admitted over an objection made thereto, such proof would be disregarded, and judgment rendered

upon the legitimate evidence, while if the court found that testimony had been improperly excluded, it would be necessary to remand the case to the lower court, so that such testimony might be introduced.

In such an action, if immaterial or objectionable matters are admitted to any great length, a part of the costs may, in the discretion of the supreme court, be imposed upon the party causing the same.

Any question as to the materiality or competency of testimony offered in the lower court should be raised by objection thereto; but, in an equitable action, it is not necessary for either party to take an exception to a ruling thereon.

*Appeal from Superior Court, Pierce County.*

Action by William Scully and Patrick H. Scully against William P. Book and Frank I. Blodgett, to enforce the conveyance to plaintiffs of a certain parcel of land in the city of Tacoma, for which plaintiffs held a contract of sale, in the usual form, executed to them by L. M. Glidden as the agent of said Book. Judgment for plaintiffs, and defendants appeal.

The facts are sufficiently stated in the opinion.

*Calkins & Shackleford,* for appellants:

It is not claimed that Glidden was ever given any exclusive authority to sell; all that is claimed is that Book gave Glidden instructions to sell; he therefore became a broker and not an agent. *Duffy v. Hobson,* 40 Cal. 240; 6 Am. Rep. 617; *Stillman v. Fitzgerald,* 37 Minn. 186; *Rutenberg v. Main,* 47 Cal. 213; *Morris v. Ruddy,* 20 N. J. Eq. 237; *Coleman v. Garrigues,* 18 Barb. 60; *Glentworth v. Luther,* 21 Barb. 145; *Carstens v. McReavy,* 1 Wash. 359.

*Snell & Bedford,* for respondents:

While the authority of a mere broker to sell real estate may not generally authorize him to make and sign a memorandum or contract of sale, the language used, regarded in the light of the surrounding circumstances, may show

that the agency is intended to be more extensive than that of a broker, and that a contract signed under such circumstances is not beyond the authority of the agent. *Rutenberg v. Main,* 47 Cal. 215; *McNeil v. Shirley,* 33 Cal. 202; *Johnson v. Dodge,* 17 Ill. 433; *Smith v. Allen,* 86 Mo. 178; *Minor v. Willoughby,* 3 Minn. 225; *Conaway v. Sweeney,* 24 W. Va. 643; *Lyon v. Pollock,* 99 U. S. 668. Where an authority or a power is coupled with an interest, or where it is given for a valuable consideration, or where it is part of the security therefor, unless there is an express stipulation that it shall be revocable, it is, from its nature and character, in contemplation of law, irrevocable, or if it is to be used as a means of effectuating a purpose necessary to protect the rights of the agent or others. And such is the case here. Story, Agency, § 477; *Goodwin v. Bowden,* 54 Me. 424; *Hunt v. Rousmaner's Admr's,* 8 Wheat. 174; *Hartley & Minor's Appeals,* 53 Pa. St. 212; 91 Am. Dec. 207; *Blackstone v. Buttermore,* 53 Pa. St. 266. The rule that an agent appointed verbally has authority to bind his principal by contract in writing is fully sustained by the authorities. Waterman, Spec. Perf., § 243; Fry, Spec. Perf., § 508; *Newton v. Bronson,* 67 Am. Dec. 106, note.

The opinion of the court was delivered by

Scott, J.—This action was brought by respondents to compel the specific performance of a contract to convey real estate, alleged to have been entered into with them by the appellant William P. Book, by his duly authorized agent. The appellant Frank I. Blodgett held the legal title to said real estate, by virtue of a conveyance thereof to him by Book after the execution of said contract, which conveyance the respondents averred Blodgett took with full knowledge of, and therefor subject to, their rights in the premises. The cause of action set forth grew out of the following circumstances, in substance: In the year

1883, appellant Book placed in the hands of one L. M. Glidden certain moneys, and authorized him to loan the same upon real estate security. Book was to have his principal back with interest thereon at the rate of twelve per cent per annum, and Glidden was to have all he could make out of the loans in excess of this, which was to constitute the only compensation he was to receive for his services. Under this arrangement various sums were loaned by Glidden, and mortgages taken as security therefor, upon different parcels of real estate, said mortgages running to Book. In several instances the mortgagees having failed to pay the sums of money so loaned to them, foreclosure proceedings were instituted against them, and carried to a final determination, whereby Book, in order to save himself from loss, was compelled to bid in such parcels of real estate, and whereby, in the course of the proceedings had, he subsequently became the owner thereof. Up to this time there seems to be no substantial difference between the parties as to what the facts were, but from this time on there is a disagreement. There was testimony to show what was said by Glidden and Book to each other relating to these matters at several conversations which took place between them, wherein the respondents claim Book authorized Glidden to sell the real estate in controversy, which was but a part of the lands to which Book acquired the title as aforesaid. This claim is contested by the appellants upon the ground that Book did nothing more than to authorize Glidden to find a purchaser for all of the lands which he had been so compelled to take, and for a sum sufficient to repay him the principal he had originally invested by way of said loans, with the interest thereon, and all costs and expenses, and that Glidden exceeded his authority when he undertook to sell a part of said lands, and that in any event he had no authority to execute the contract in question.

We have heretofore decided in the case of *Carstens v.*

*McReavy*, 1 Wash. 359 (25 Pac. Rep. 471), that the ordinary authority conferred upon a real estate broker to sell lands does not authorize him to bind his principal by executing a contract of sale to a purchaser; that such an authorization to sell only empowers him to find a purchaser. But the respondents claim that this case is not within the rule there stated, because Glidden was not engaged in the real estate brokerage business, and for the further reason that he had an interest in the lands so conveyed to Book, arising out of the fact that he as an attorney at law had foreclosed the mortgages through which Book derived title, and there were certain attorney's fees due him therefor which were included in the sums bid upon the lands by Book, and that Book had refused to pay him said fees until or unless such lands could be sold for a sufficient sum therefor, after repaying Book the original sums loaned thereon, with interest and the other costs and expenses. It is unnecessary for us to pass upon any of the disputed questions of fact in this action, as to what took place between Book and Glidden, nor do we wish to be understood as so doing, for under the respondents' own showing Glidden had no authority to execute to them the contract in question; at no time was he authorized by Book to execute it, nor did Book at any time ratify it, nor was he so authorized in consequence of any claim he might have against Book arising out of his services performed as an attorney, or in consequence of any interest he might have in said lands therefor, if by virtue thereof he did have any such interest; nor did the fact that Glidden was not in the real estate business make any difference. Whatever Book may have said and done conferred no greater authority upon Glidden situated as he was than it would have done had he been in the land brokerage business. This case is governed by the authority of *Carstens v. McReavy.*

We were urged by both parties to decide a point relating

to the practice in equity cases. A number of objections were made at the trial to the introduction of certain testimony. The court said that "in this class of cases the rule is to take the testimony under a reserved ruling, subject to objections and exceptions," and the testimony was so admitted in each instance. We think the rule as thus stated should be qualified somewhat. Testimony which is clearly objectionable ought not to be admitted to consume the time of the court, and burden the record in case of an appeal. Where there is any doubt about it, however, the safer practice would be to admit it, for in case of an appeal to this court if we should find that testimony had been improperly excluded, it would necessitate our remanding the case, so that such testimony might be introduced, whereupon another hearing would be had in the lower court. While if matters were admitted in evidence which we should find were improperly admitted over an objection made thereto, we would disregard such proof, and render judgment upon what should appear to us to be the legitimate evidence. If immaterial or objectionable matters were admitted to any great length we might impose a part of the costs upon the party causing the same. If a party should desire to raise any question against any testimony offered he should make his objections thereto in the lower court, but it would not be necessary for either party to take an exception to a ruling thereon.

Reversed, and remanded with instructions to dismiss the cause.

ANDERS, C. J., and STILES, DUNBAR and HOYT, JJ., concur.