## CAMPBELL v. GALLOWAY ET AL.

[No. 18,401.    Filed October 8, 1897.]

SPECIFIC PERFORMANCE.—*Contract for Sale of Lease.—Agency.—Unauthorized Letter.*—A contract for the sale of a gas and oil lease entered into by one purporting to be the agent of the owner of the lease cannot be enforced against the principal, where the letter appointing the agent was sent without the authority of the principal, and was promptly repudiated by him. *pp. 446, 447.*

PRINCIPAL AND AGENT.—*Real Estate Broker.—Authority to Find Purchaser.—Letter.*—A letter to a real estate agent by the owner of a lease, stating that the writer had paid a specified amount for the lease and would not sell it for less than another specified amount, and all over that sum the agent could have, authorizes the agent to find a buyer, but not to sell the lease. *pp. 443, 446.*

From the Wells Circuit Court. *Affirmed.*

*L. Mock, J. Mock, G. Mock, J. S. Dailey, A. Simmons* and *F. C. Dailey*, for appellant.

*A. L. Sharpe* and *C. E. Sturgis*, for appellees.

McCABE, C. J.—The appellant sued the appellees to compel specific performance of a contract concerning real estate.

The issues formed were tried by the court, resulting in a special finding of the facts, upon which the court stated conclusions of law favorable to the defendants, and rendered judgment accordingly, over the plaintiff's motion for a new trial.

The conclusions of law, and the action of the court in overruling the plaintiff's motion for a new trial are assigned for error. The other assignment for error is waived by appellant in not discussing the same in his brief.

Campbell *v.* Galloway *et al.*

The substance of so much of the special finding as is material to the determination of the case is as follows:

The appellee, John Galloway, a resident of Jamestown, New York, on August 17, 1893, visited Wells county, Indiana, on behalf of himself, personally, and E. H. Jennings and Brothers, of Pittsburg, Pa., to secure leases upon lands for the purpose of operating for natural gas and petroleum, and on that occasion procured J. C. & J. W. Holloway to execute to defendants an instrument in writing in these words and figures, to-wit:

"In consideration of the sum of $200.00, the receipt of which is hereby acknowledged, we, John W. Holloway and Jonathan C. Holloway, of Wells county, Indiana, of the first part, hereby grant to E. H. Jennings & Bro. and John Galloway second party, all the oil and gas in and under the following described premises, together with the right to enter thereon at all times for the purpose of drilling and operating for oil or gas, and to erect and maintain all buildings and structures and lay all pipes necessary for the production and transportation of oil and gas taken from said premises. Excepting and reserving, however, to first party the one-eighth (⅛) part of the oil produced and saved from said premises to be delivered in the pipe line of which second party may connect his wells, namely: (then follows a description of sixty-seven acres of land in said county) To have and to hold the above premises on the following conditions: If gas only is found in sufficient quantities to transport, second party agrees to pay first party one hundred dollars for the product of each and every well so transported, and the first party to have gas free of cost to heat five stoves, and light ten jets in the dwelling house. Whenever first party shall request it, second party shall bury all oil and gas lines, and pay all damages done to growing crops

by reason of burying or removing said pipe lines. In case no well is completed within six months from this date, this grant shall become null and void unless second party shall pay to first party thirty-three and fifty one-hundredths dollars for each six months thereafter such completion is delayed. The second party shall have the right to use sufficient gas, oil, or water to run all machinery for operating said wells, and also the right to remove all its property at any time.

"The rentals are payable at the Farmer's Deposit Bank, at Montpelier, Ind. The party of the second part have the right to surrender this grant at any time and be released from any further fulfillment of any stipulations that the grant may contain. Any well producing forty barrels or over of oil per day, the first party to have the one-sixth' royalty instead of the one-eighth, during the same. Less than forty barrels per day shall be one-eighth. It is understood between the parties to this agreement that all the conditions between the parties hereto shall extend to their heirs, successors, executors, and assigns.

"In witness whereof the parties hereto set their hands and seals this 17th day of August, A. D. 1893. John W. Holloway, Jonathan C. Holloway, E. H. Jennings & Bro., John Galloway."

This instrument was duly acknowledged by the Holloways.

The interest of the defendants in the lease of the lands described therein was fixed by an agreement of said Galloway on the one hand, and E. H. Jennings & Brother on the other, and was that an undivided one-fourth part thereof was owned by the defendant, Galloway, and E. H. Jennings & Brother the remainder; and neither of said owners had any authority to sell, nor contract to sell, the interest of the other, and such lease-hold estate was not held or owned by the defendants as partnership property.

Campbell *v.* Galloway *et al.*

On May 21, one James C. Gibney, then unacquainted with any of the defendants, being a resident of Montpelier, Indiana, mailed and addressed to defendant a letter reading as follows, to-wit:

"Mr. John Galloway, Pa.—Dear Sir: I am in the real estate business in this place and devoting my time principally to dealing in leases and productions. I have enquiries occasionally for leases, and might perhaps find a purchaser for your Holloway lease in Nottingham township, Wells county, Indiana, if it is for sale. Please notify me if it is for sale and what the price and terms are, and what there is in it for me. Yours very truly, James C. Gibney."

This letter was received by said Galloway, in due course of mail, at Pittsburg, Pa., on May 24, 1894, when said Galloway was preparing to start on a business trip to Tennessee, and hurrying to enter on said journey.

Upon reading said Gibney's letter, defendant Galloway, in the absence and without the knowledge of defendants Jenningses, directed a clerk in the employ of the latter to reply to the letter by writing to said Gibney that he, Galloway, would not join in selling the said lease for less than $250.00, and that on his return from Tennessee he would visit Indiana and examine the leased premises; that said clerk then wrote a letter to said Gibney in the following words and figures, to-wit:

"James C. Gibney, Esq.—Dear Sir: Your letter of the 21st at hand. I paid $200.00 for the lease and will not sell it for less than $250.00 net to me. All over that sum you can have. Yours truly, John Galloway, 'K.' "

This letter was written and sealed up by said clerk, whose name was Kemp, during the temporary absence of defendant Galloway, and without the knowledge and consent of the defendants, Jenningses, and with-

out being seen or its contents known by defendant Galloway, whose name was signed thereto by Kemp with his own initial "K;" that presently on the return of Galloway, and in the absence of the other defendants, said Kemp informed said Galloway of the contents of said letter, which had not yet been mailed, whereupon said Galloway repudiated said letter, directed said Kemp not to mail nor send said letter, and said Galloway thereupon at once departed for Tennessee, where he remained for some days; and during his absence, without the knowledge of any of the defendants, said letter was by some means mailed and reached said Gibney.

Said Gibney thereupon, in the absence and without the knowledge of the defendants or any of them, executed to the plaintiff, Campbell, the writing set out in the complaint as the exhibit of the contract sought to be specifically enforced; and said Campbell delivered to said Gibney a check for $250.00, signed by said Campbell, and payable to said Gibney, upon the Pennville Bank, of Pennville, Jay county, Indiana.

The contract referred to reads thus: "Know ye that this contract made and entered into on the 28th day of May, 1894, by and between John Galloway, by James C. Gibney, his agent, and Frank Campbell, witnesseth, that said Galloway hereby agrees to sell and transfer unto said Campbell one certain oil and gas lease or grant now owned by said Galloway on lands of J. W. & J. C. Holloway, containing sixty-six acres more or less (describing the same premises described in the lease first above set forth). In consideration of said sale and transfer said Campbell agrees to pay said Galloway $250.00 cash in hand at the Farmer's Deposit Bank, in Montpelier, Indiana, and to pay the commission charges of the said Gibney for making this sale. Said Galloway agrees to make a good and sufficient

Campbell *v.* Galloway *et al.*

deed of conveyance to said grant or lease-hold with all due and proper diligence."

On June 8, 1894, by a letter mailed on that date at Montpelier, Indiana, written by said Gibney, defendant Galloway was notified that plaintiff, Campbell, had bought the said oil lease from said Gibney and brought suit against defendant Galloway (the other defendants not having been made parties until afterwards) to compel a conveyance of said lease.

After receiving said letter defendant Galloway came to Montpelier, where on June 12, 1894, he met said Gibney for the first time and had an interview with him concerning the alleged sale, but even then said Gibney did not inform said Galloway that said Gibney had executed to plaintiff any written contract of sale of the said lease, nor that any check had been received by said Gibney.

That in said interview between said Gibney and defendant Galloway the latter at once repudiated the letter in his name to said Gibney, and repudiated the authority of said Gibney to make the sale of said oil lease, and demanded of him to produce plaintiff, Campbell; but this said Gibney failed to do, and said Galloway never met nor knew him until July 24, 1894, when he met him on the leased premises at a time when defendants had completed the first oil well drilled by them on the premises.

That neither plaintiff nor said Gibney ever paid or offered to pay the defendants, or either of them, any part of the $250.00 the consideration for said sale, nor did the plaintiff ever pay or offer to pay said Gibney any part of such consideration, or to anyone else, for the use of either of the defendants, nor did the plaintiff make any demand upon any of the defendants, nor upon said Gibney, for the conveyance of said lease.

The only demand ever made upon any of the de-

fendants was a written request said Gibney sent to said Galloway by mail, May 27, 1894, which said Galloway received on his return from Tennessee.

The Kemp mentioned above was a bookkeeper and clerk in the office of the defendants, the Jenningses, but never had any authority from the latter, nor either of them, to write the letter set out above, nor to make any sale or to sell the lease aforesaid, and he never was in the employ of said Galloway.

Said Gibney never offered said check for $250.00 to any of the defendants, but retained it himself until October 10, 1895, after this trial had begun, when he indorsed and delivered it back to the plaintiff, who never offered it to any of the defendants. The plaintiff never paid or tendered any money to the defendants, nor to anyone for their use, but, on October 10, 1895, while the trial of this cause was in progress, and several hours after it had begun, the plaintiff paid the clerk of the court $250.00, but for whose use has not been shown.

That the plaintiff nor said Gibney never contracted nor attempted to contract for the purchase of any interest in the lease belonging to the defendants, the Jenningses.

The appellants, after insisting that the conclusions of law in favor of the defendants were erroneous, turn and place their chief reliance on the alleged error in overruling the motion for a new trial, contending that many of the material facts found are in direct conflict with uncontradicted evidence.

Be that as it may, there is one fact found which they do not claim is contradicted by any evidence, and that fact, we think, is fatal to plaintiff's right to recover, or to obtain specific performance of the alleged contract, and that fact is the lack of authority on the part of Gibney to make the contract sued on.

There is no dispute in the evidence that the letter to Gibney with Galloway's name signed to it was both written and sent without his authority, and that he promptly repudiated the letter when it first came to his knowledge, and also when he first learned that it had reached the hands of Gibney he repudiated it. And it is clearly established that he never ratified either the act of Kemp in writing the letter or the act of mailing the same to Gibney, by whomsoever that act was done. These facts are also found. Besides, the letter, even if it had been written and sent to Gibney by the request and direction of Galloway, was at most only an authority to find a purchaser for the lease, and not an authority to sell it. This proposition is fully settled by the decisions of courts of last resort of such respectability that we deem it unnecessary to do more than cite them. *Grant* v. *Ede,* 85 Cal. 418, 24 Pac. 890, 20 Am. St. 239, and cases there cited; *Duffy* v. *Hobson,* 40 Cal. 240, 6 Am. Rep. 617; *Armstrong* v. *Lowe,* 76 Cal. 616, 18 Pac. 758; *Condon* v. *Osgood,* (Ia.), 65 N. W. 1003; *Jenkins* v. *Locke,* 3 App. D. C. 485.

We therefore conclude that the circuit court did not err in its conclusions of law, nor in its refusal to grant a new trial.

The judgment is affirmed.