[No. 3667.   Decided October 9. 1900.]

J. Armstrong *et ux., Appellants, v. E. Clarence Oak-ley, Respondent.*

SPECIFIC PERFORMANCE—COMMUNITY PROPERTY—WIFE NECESSARY PARTY.

In an action to compel the specific performance of a contract for the conveyance of land, which is presumptively community property, and nothing is shown to overcome that presumption, the wife is a necessary party defendant.

SAME—CONTRACT FOR SALE OF LAND—AGENT'S AUTHORITY.

Under an authority given an agent to sell real estate, there is no power conferred on him to enter into a contract for a conveyance; and, under such circumstances, his contract for the sale of the land cannot be specifically enforced against his principal.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—RATIFICATION.

A letter by a land owner to a real estate broker agreeing to sell certain lots for $1,500, written and mailed after the broker had sold the lots for $2,100, without knowledge of that fact by his principal, does not amount to a ratification of the sale, since there was lacking the necessary element of a full understanding of the situation on the part of the principal.

Appeal from Superior Court, Pierce County.—Hon. James E. Williamson, Judge. Affirmed.

*James Wickersham,* for appellants.

*John A. Shackleford* and *C. M. Riddell,* for respondent.

The opinion of the court was delivered by

White, J.—This is an action to compel the specific performance of an alleged contract for the sale of land, and to compel a conveyance of the same.

In 1884, the respondent became the owner, by warranty deed, of lots 10 and 11, block 910, in Tacoma, and the title thereto has at all times remained in his name. One of the defenses pleaded to the action is that the prop-

erty at all times was and is the community property of the defendant and his wife, Clara W. Oakley. The evidence shows that the property was acquired by Oakley since his marriage. The evidence shows that the husband and wife never resided in the territory or state of Washington. There is no evidence showing that the property was acquired with the separate funds of the husband, or that it was a gift to him. There is nothing to overcome the presumption that the property is community property. Land acquired after marriage by deed of purchase is presumed to be community property. *Yesler v. Hochstettler,* 4 Wash. 439 (30 Pac. 398). The wife, then, was a necessary party to the contract and to this action. *Lownsdale v. Gray's Harbor Boom Co.,* 21 Wash. 542 (58 Pac. 663); *Chehalis County v. Ellingson,* 21 Wash. 638 (59 Pac. 485).

For several years J. S. Howell & Son were the agents of the respondent at Tacoma, and collected rents for the house situated on the lots in controversy, made repairs, and cared for the property. About five years ago J. S. Howell died, but the agency was continued under the old name by the son, I. M. Howell. On August 28, 1899, respondent wrote to J. S. Howell & Son about selling the lots in question, saying:

"Has property come up any since last winter, and what do you think is an attainable figure for the property? I have made up my mind to get rid of it."

The agency answered this letter September 16, 1899, advising respondent that they had been trying for two months to get an offer on the property of $1,500 to submit to him, but had failed to get it, and asking him to fix a price. On September 23, 1899, respondent answered that letter and, in his answer, says:

"If you can get a purchaser for $1,500, I shall be glad to sell. Hope some one will turn up soon."

On September 28, 1899, the agent replied, asking for full particulars of terms, price, commission, abstract, etc. On October 2, 1899, under the letter of respondent of September 23, 1899, the agency, through another, sold the property to appellants for $2,100 cash, received $200 in part payment and gave to the appellants a receipt showing the object of the payment, terms, etc. On October 4, 1899, respondent replied to the agent's letter of September 28, 1899, for full particulars about terms, etc., by fixing the price at $1,500 net, respondent to furnish abstract. In this letter respondent says:

"I would be willing to accept one-third cash, balance on first mortgage on property at eight per cent. I would rather have half, and larger interest, if you can get it. Let the note be not for longer than one year."

The letter of September 23, 1899, on which, on October 2, 1899, the agent acted, simply authorized the agent to procure a purchaser. It did not authorize the agent to enter into a contract binding on the principal. Ever since the case of *Carstens v. McReavy,* 1 Wash. 359 (25 Pac. 471), it has been the settled law of this state that authority granted to an agent to sell real estate does not give authority to enter into a contract for a conveyance. When the agent procures a purchaser, ready, willing, and able to buy on the terms proposed, his employment is at an end. The letter of October 4, 1899, was written after the agent had made the alleged contract which appellants seek to enforce. This letter does not enlarge the agent's authority; it merely expresses more fully the terms which the respondent would be willing to enter into with a purchaser. The letter of October 4th did not amount to a ratification of the alleged sale. One element necessary to ratification is a full understanding of the situation. The respondent, when he wrote that letter, had no knowledge of the sale to appellants for $2,100. We think this case

is governed by the rule laid down in *Carstens v. McReavy,* *supra.* The judgment of the lower court is therefore affirmed, with costs to respondent.

DUNBAR, C. J., and REAVIS, ANDERS and FULLERTON, JJ., concur.