[No. 7310.  Decided September 24, 1908.]

C. T. HARDINGER, *Appellant*, v. GEORGE C. COLUMBIA *et al.*,
*Respondents.*[1]

BROKERS—AUTHORITY—POWER TO SELL.  An employment of a
broker to find a purchaser of real property does not authorize the
broker to enter into a binding contract to sell.

VENDOR AND PURCHASER—UNAUTHORIZED CONTRACT—RATIFICATION
—PRINCIPAL AND AGENT.  A contract made to sell real estate, made
subject to the owner's approval and entered into by a broker without
authority, is not ratified by the owner by an acceptance of an offer
for the property which specified the same price, but failed to specify
material terms of the contract of which the owner had no knowledge.

Appeal from a judgment of the superior court for King
county, Neterer, J., entered September 28, 1907, upon find-
ings in favor of the defendants, after a trial before the court,
dismissing on the merits an action for specific performance.
Affirmed.

*Granger & Magill* and *Keenan & Hardinger*, for appellant.
*Holcomb, Kirkpatrick & Doty*, for respondents.

PER CURIAM.—This was an action to enforce specific per-
formance of the following contract:

"$100.00                           Seattle, June 6, 1906.
"Received of C. T. Hardinger, of Seattle, one hundred dol-
lars as earnest money on the purchase of block 5, Cumber-
land Addition to the city of Seattle, Washington, according
to the official plat on file in the auditor's office in said county
of King.  Price of said land is $3,800.  Terms of sale are
$1,250 cash, to include earnest money.  Balance of $2,550
payable as follows:  $1,150 to be paid on delivery of deed
and abstract, balance in two equal annual payments of $1,-
275 each, with 6 per cent interest.  Grantor to release mort-
gage as to any designated part of said block in tracts of 50
feet by 100 feet upon payment of $150 therefor.  Interest
6 per cent per annum upon deferred payments.  If terms of

[1]Reported in 97 Pac. 445.

sale are not complied with, the $100 earnest money is for-feit, and buyer hereby releases all claims thereto. Sale sub-ject to owner's approval. Earnest money refunded if ab-stract is not satisfactory to purchaser. (Signed) A. B. Newell, by F. H. Gilbert."

At the time this contract was entered into, the subagent, Gilbert, by whom the contract was signed and entered into, was an utter stranger to the owners of the property, and the most that can be claimed in favor of the plaintiff is that Newell, whose name is appended to the contract, was em-ployed by the defendants to find a purchaser. Under re-peated rulings of this court, such employment would not authorize the execution of a binding contract of sale. *Car-stens v. McReavy,* 1 Wash. 359, 25 Pac. 471; *Scully v. Book,* 3 Wash. 182, 28 Pac. 556; *Armstrong v. Oakley,* 23 Wash. 122, 62 Pac. 499. The contract, having been entered into without authority from the owners, is not obligatory upon them, in the absence of some subsequent ratification. Was there such ratification?

Under date of June 20, 1906, Newell informed the de-fendant G. C. Columbia, by letter, that he had an offer of $3,800 for the property, $1,250 cash, $1,250 on or before one year, and the balance on or before two years, with in-terest on the deferred payments at the rate of six per cent per annum, and that he had a deposit on the proposition. In answer to this letter the recipient wired: "All right, offer accepted, will write today." The letter which followed simply confirmed the telegram. From the contract and correspond-ence it will be seen that the contract was made subject to the owners' approval. The owners never approved it, and had no knowledge of its existence or contents. The contract as entered into provides for a mortgage back, partial releases of the mortgage on payment of certain portions of the pur-chase price, and other provisions not referred to in the writ-ten correspondence. It is apparent from this that the minds of the parties never met and that the contract in suit was

neither executed, approved, nor ratified by the defendants.

Such having been the conclusion of the court below, its judgment is affirmed, and we deem it unnecessary to discuss the other questions presented by the record.