[No. 7406.   Decided February 2, 1909.]

FRANK S. HUTCHINS *et al., Appellants,* v. SARAH WERTHEIMER, *Respondent.*[1]

VENDOR AND PURCHASER—FRAUDS, STATUTE OF—CONTRACT TO SELL LANDS—AUTHORITY OF AGENT. A letter to real estate agents, who had represented the owner of property in the payment of taxes without authority to contract for sale, to the effect that the owner would be willing to sell certain lots at a certain price, does not authorize the agents to make a binding contract of sale which can be specifically enforced.

SAME—RATIFICATION OF SALE BY AGENT. Ratification of an unauthorized sale of lots for $6,500 exclusive of commission to the agents, is not shown by the owner's acceptance with the distinct understanding that the price was $6,500 net, she to pay no back taxes or other expenses, the property being subject to back taxes.

COURTS—APPELLATE COURTS—MOOT QUESTIONS. The supreme court will not decide abstract questions at the behest of parties having no interests at stake.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 5, 1907, in favor

[1]Reported in 99 Pac. 577.

of the defendant, upon granting a nonsuit, in an action for specific performance. Affirmed.

*Kirkpatrick & Doty,* for appellants

*Willett & Willett,* for respondent.

RUDKIN, C. J.—This was an action to enforce the specific performance of a contract for the sale of real property. On the 24th day of October, 1906, Crawford & Conover, real estate agents, of the city of Seattle, addressed the following letter to the defendant, at her home in Portland, Oregon: "We have a customer who we think will pay sixty-five hundred dollars cash for your ten lots in Cove addition, the same to be delivered clear of all special taxes. Kindly inform us whether you desire to sell at the above price, and oblige." Under date of October 25, 1906, the defendant replied as follows: "In reply to your favor of the 24th, I am willing to dispose of my ten lots in Cove addition at sixty-five hundred dollars, net to me. This offer to hold good for ten days only." On October 29th, 1906, Crawford & Conover, as agents for the defendant, entered into the contract now in suit, whereby the property described in the contract was to be conveyed to one F. A. Rivers for the sum of $7,000, payable on delivery of warranty deed and abstract within twenty days from date, all assessments to be paid in full. On the same day the agents wrote to the defendant as follows: "We beg to advise you that under your instructions of Oct. 25th, we have sold the ten lots in Cove Addition at a price of $6,500 exclusive of our commission. Please send the abstract immediately and advise us whether the deed comes from you alone and we will have it made and sent to you." On October 31, 1906, the defendant replied: "Your favor of the 29th is at hand. Agreeable to your request I am sending by Wells-Fargo's Express the abstract of the ten lots in the Cove Addition. The property belongs to me alone, and it is my distinct understanding that the price of

these lots is $6,500 net to me, and I pay no back taxes, commissions or any other expenses." The contract of October 29th was assigned to the plaintiffs, and after a proper tender and demand, this action was instituted to enforce specific performance. At the close of the plaintiffs' case, the court directed a nonsuit; and from this judgment, the present appeal is prosecuted.

While Crawford & Conover had represented the respondent for a great many years, paying taxes and making sales of property from time to time, it is not claimed that they had any general authority to make contracts for the sale of her real property. Nor do we find in the above correspondence any special authority for, or any ratification of, the contract actually entered into. This is but the common case of an agent employed to find a purchaser for property attempting to bind his principal by a formal contract of sale. We have so often held that such agents have no authority to bind their principals by contract that we only deem it necessary at this time to refer to our previous decisions. *Carstens v. McReavy,* 1 Wash. 359, 25 Pac. 471; *Scully v. Book,* 3 Wash. 182, 28 Pac. 556; *Armstrong v. Oakley,* 23 Wash. 122, 62 Pac. 499; *Samson v. Beale,* 27 Wash. 557, 68 Pac. 180; *Monk v. Duell,* 41 Wash. 403, 83 Pac. 313; *Foss Investment Co. v. Ater,* 49 Wash. 446, 95 Pac. 1017.

The respondent entered a special appearance in the action and maintained her special appearance throughout, contending that jurisdiction over nonresidents cannot be acquired in this form of action by constructive service of process, and we are asked to consider and decide that question on this appeal. We must, however, decline to discuss or consider important questions of constitutional law or statutory construction at the mere behest of those who have no interests at stake.

Finding no error in the record, the judgment is affirmed.

CROW, MOUNT, and DUNBAR, JJ., concur.

CHADWICK, FULLERTON, and GOSE, JJ., took no part.