[No. 8205.· Department One.  November 17, 1909.]

C. E. LAWSON, *Appellant*, v. E. G. KING *et al., Respondents.*[1]

VENDOR AND PURCHASER—BROKERS—AUTHORITY—FRAUDS, STATUTE OF. Letters to a broker fixing a price which owners would take for their property "and let you have six months' time to sell it in," on commission, merely authorize the broker to find a purchaser, and not to make a binding contract of sale that can be specifically enforced..

Appeal from a judgment of the superior court for King county, Frater, J., entered April 17, 1909, dismissing an action for specific performance, after a trial on the merits before the court without a jury.  Affirmed.

*S. D. Wingate,* for appellant.

*Graves & Murphy* and *Charles H. Winders,* for respondents.

MORRIS, J.—Action for specific performance of contract for sale of real estate, claimed to arise out of certain letters between the respondents and Vernon G. Patterson.  The respondents resided at Hume, Illinois; and Patterson, a relative, was engaged in the real estate business in connection with R. C. Erskine, at Seattle.  The first letter, so far as it relates to the matter before us, is as follows: ·

"Hume, Ill., Aug. 20, 1906.

"Dear Vernon:   .   .   .   In regard to the property, Ed said he had raised the value of his property to five thousand and let you have six months' time to sell it in.  Now Vernon I don't think that is much too high according to other property there.  You know an abstract will cost quite a little and your commission out it would be a little more.  We will hold for five thousand unless it would be almost a cash sale.   .   .   Yours sincerely, Bessie King."

The appellant contends that, after the receipt of this letter, he entered into a contract for the purchase of the prop-

[1]Reported in 104 Pac. 1118.

erty at $5,000, paying $100 down, and thereupon Patterson wrote respondents as follows:

"Seattle, Washington, Aug. 30, 1906.

"Mr. E. G. King, Hume, Ill.

"Dear Sir:—We are glad to be able to report that we have secured a buyer for your Lot 6, Block 102, D. T. Denny's First Addition to Seattle on the following terms: $2,500 cash and the balance in one year at 7 per cent. the property to be delivered clear of all taxes, assessments due to date, and other encumbrances excepting a first mortgage to be executed to you by the purchaser to secure the $2,500 deferred payment. We have received $100 as earnest money to bind the deal and the balance of the $2,500 cash payment is to be made within five days of delivery of an abstract showing good title.

"Please send your abstract that it may be brought down to date, and also forward the enclosed deed after it has been signed and acknowledged by yourself and wife before a Notary Public. These papers may be sent either to this office or to any bank in Seattle for collection. If the abstract is sent to a bank please instruct them to have it continued to date and delivered to us and to pay our commission (5 per cent) when deal is closed.

"Thanking you for your business and trusting that our handling of it meets and will continue to merit your entire approval.

"Yours very truly, R. C. Erskine,

"Dic. V. G. P.          "By Vernon G. Patterson."

Respondent's reply to this letter, leaving out immaterial matter, was as follows:

"Hume, Ill., Sept. 11th, 1906.

"Dear Vernon: . . . I send you the abstract under separate cover; you have it brought up to date with the least expense possible. Will forward the deed to Lawyer Murphy as soon as we get it acknowledged. Probably in a day or so. We must have first mortgage on property, are willing to let it stand year or more as long as the man owns it we are selling to.

"Yours respectfully, E. G. King."

Upon receipt of the abstract, the same was brought up to

date and delivered to appellant for his examination. The next happening was the receipt of the following telegram:

"Hume, Ill., Sept. 25, 1906.

"V. G. Patterson, 712 New York Block, Seattle, Wn.

"Will not sell property, will pay commission and abstract charges.   7:23 P. M.   E. G. King."

Appellant, alleging his readiness and ability to meet all the conditions of his contract, as suggested in the letter of August 30, then brought this action, failing in which he appeals.

To state the case is to decide it.   The best that can be said is that the respondents authorized Patterson to procure for them a purchaser upon the terms suggested in the letter of August 30, but such authority was not, and could not be held to be, an authorization to enter into a contract of sale which would bind respondents.   There was then no contract between appellant and respondents for the purchase and sale of this property which was capable of being specifically performed.   It has been so often held that it must be regarded as settled in this state that authority to a broker to procure a purchaser is not authority to enter into an enforceable contract of sale.   *Carstens v. McReavy*, 1 Wash. 359, 25 Pac. 471; *Armstrong v. Oakley*, 23 Wash. 122, 62 Pac. 499; *Foss Inv. Co. v. Ater*, 49 Wash. 446, 95 Pac. 1017; *Hardinger v. Columbia*, 50 Wash. 405, 97 Pac. 445; *Hutchins v. Wertheimer*, 51 Wash. 539, 99 Pac. 577.

The above cases are decisive of this appeal, and the judgment is affirmed.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.