[No. 8021.]

## SPRINGER V. CITY BANK & TRUST COMPANY ET AL.

1. APPEALS AND ERROR—*What May Be Assigned For Error.* The propriety of an order requiring plaintiff to amplify his complaint will not be con-

sidered, where a demurrer thereto, as amended, was sustained below. The controversy depends solely upon the sufficiency of the amended complaint. (378.)

2. PRINCIPAL AND AGENT—*Agency for the Sale of Lands,* can be created only by writing (Rev. Stat. sec. 2660). (379.)

3. —— *Construction of Power to Sell Lands.* A power to sell lands is to be strictly construed. Every doubt as to the agent's authority is to be resolved against the agent and those dealing with him, under the power. (379, 380.)

4. —— *Power Construed.* A writing provided that the agent, should ''be at the entire expense of obtaining title * * * from the U. S. Government, and of finding a purchaser, and selling the same;'' that the agent should receive, for his service, ''one-half of the proceeds'' of the sale, after paying to the principal a certain price per acre; that the lands should not be sold for less than a specified price per acre, and if not sold within the designated time, ''the interest'' of the agent should cease. *Held* that the agent had no authority to execute a contract of sale, binding the principal, but only to find and present a purchaser willing and able to pay at least the price mentioned in the power. Those who deal with the agent who exceeds his power are charged in law with notice of the defect of authority. (380, 381.)

*Error to Las Animas District Court.* Hon. A. WATSON MC-HENDRIE, Judge.

Mr. ROBERT T. YEAMAN, Mr. A. C. MCCHESNEY, for plaintiff in error.

Mr. FREDERIC BURNHAM, Mr. E. E. WHITTED, for defendants in error.

BAILEY, J., delivered the opinion of the court.

On March 29th, 1909, E. B. Sopris for himself, and for A. M. Ghost, assuming to act as agent and attorney in fact for the latter, executed an agreement with Benjamin F. Springer for the sale and conveyance of certain lands situate in Las Animas County, belonging to Ghost, for $16,400; receipt of $200 on the contract is acknowledged by Sopris. Springer brought this action for specific performance.

A motion to make the complaint more specific, by requiring plaintiff to set forth an agreement in writing previously entered into between Ghost and Sopris, concerning this property, which is the sole authority of Sopris for exe-

cuting the agreement with Springer, was interposed, sustained and the complaint amended accordingly. The provision of the contract between Sopris and Ghost which concerns us in determining the case, is as follows:

"Now therefore this agreement by and between the parties aforesaid Witnesseth: That said Sopris is to be at the entire expense of obtaining title to said land from the U. S. Govt., and also of finding a purchaser and selling the same, and as compensation for such service is to receive one-half of the proceeds of such sale remaining after paying said Ghost the sum of Four (4) Dollars per acre for all land furnished as aforesaid, and the other half shall belong to said Ghost; the title to said lands shall remain in said Ghost and shall not be sold by said Sopris for less than Eight (8) Dollars per acre. Should said lands thus selected be not sold within the period of one year after the allowance of the entries by the General Land Office at Washington then the interest of said Sopris shall cease therein, and this agreement shall thereafter be void and the title to said lands be fully vested in said Ghost."

A general demurrer to the amended complaint was sustained, plaintiff declined to further amend, and judgment of dismissal was entered, which he brings here for review.

The City Bank and Trust Company is substituted for defendant Allen M. Ghost, deceased, as executor of his last will and testament, and Mrs. E. E. Whitted for defendant Ada M. Ghost, deceased, as sole heir. The other defendants in error are persons to whom Ghost subsequently gave deeds for portions of the land in question.

The first matters urged for reversal is that the court erred in requiring plaintiff to set out in his complaint the agreement between Sopris and Ghost. That is a matter which has, and can have, no bearing on this review. If plaintiff had declined to amend, and had stood by his original complaint, and brought the case here upon that proposition, then he could have had the judgment of this court upon the

sufficiency of his original complaint. But having amended by setting out *in haec verba* the Ghost-Sopris contract, and a demurrer to the amended complaint having been sustained, the question now turns solely upon the sufficiency of the amended pleading.

The statutes provide that an authority such as Sopris assumed to exercise in signing the agreement with Springer, as agent and attorney in fact of Ghost, must be conferred in writing:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing." §2660, R. S. 1908.

"Every contract for the leasing for a longer period than one year, or for the sale of any lands or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." §2662, R. S. 1908.

"Every instrument required to be subscribed by any party under the last preceding section, may be subscribed by the agent of such party, lawfully authorized by writing." §2663, R. S. 1908.

"The term 'Conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing, except a last will and testament, whatever may be its form and by whatever name it may be known in law, by which any estate or interest in lands is created, aliened, assigned or surrendered." §2677, R. S. 1908.

It is settled law that a contract of agency giving power to sell real estate is to be strictly construed. *Nippel v.*

*Hammond,* 4 Colo. 211; *Field v. Small,* 17 Colo. 386, 30 Pac. 1034; *Rundle v. Cutting,* 18 Colo. 337, 32 Pac. 994; *Malone v. McCullough,* 15 Colo. 460, 24 Pac. 1040; *Sullivan v. Leer,* 2 Colo. App. 141, 29 Pac. 817; *Speer v. Craig,* 16 Colo. 478, 27 Pac. 891; *Downing Inv. Co. v. Coolidge,* 46 Colo. 345, 104 Pac. 392; *Johnson v. Lennox,* 55 Colo. 125, 133 Pac. 744; In *Johnson v. Lennox, supra,* at page 129 of 55 Colo., at page 746 of 133 Pac., it is said:

"The statute in such case and the decisions of the courts relating to the form and sufficiency of authority of agents must be controlling, as against third parties. It is the rule of law that the authority of an agent conferring power to execute an executory contract for the sale of real estate must be in writing, and that the agent must be given therein specific authority to do, either the general business of his principal, or the particular thing which he assumed to do. Also, that the burden is put on the plaintiff who sues upon a contract thus executed, to show that the person who signed the contract as agent, was authorized, not only to negotiate the sale, but also to conclude in writing a binding contract within the terms, conditions and limitations expressed in the contract sued on. Such an agent must strictly pursue his authority; and any person dealing with him is bound at his peril to learn the extent of that authority."

If there is any doubt whether the acts of an agent under such a contract are within his delegated powers, they should be resolved against the agent, and against any third party dealing with him under the power, the latter being put upon inquiry to ascertain the extent of the authority of the agent.

An examination of the contract between Ghost and Sopris shows that the only authority which Sopris had was to find and present to Ghost a purchaser ready, able and willing to pay at least eight dollars an acre for the land, that is, Sopris had authority to find a purchaser, and negotiate generally for a sale, but no express or implied authority to make a contract binding Ghost to sell upon terms is given.

Instead of pursuing the authority which by the contract he had, Sopris undertook to make and execute in the name of Ghost a binding contract of sale, providing for the conveyance to Springer, fixing the price, terms of payment, and the settlement of all the details of transfer.   An agent who deals in this manner can do so, and bind his principal, only upon clear written authority, or upon necessary implication arising from such authority.   The authority of Sopris to bind Ghost is to be measured by the terms of his contract with the latter, which in this case utterly fails, either expressly or otherwise, to confer the power which he undertook to exercise.   It is a general rule that where real estate is placed in the hands of an agent, either verbally or by written instrument, to find a purchaser, or with instructions in general terms to sell, the agent is not thereby authorized to enter into a contract of sale binding upon the owner, as in either instance the agent's authority extends only to finding a purchaser acceptable to the owner, and to negotiating a sale generally between such purchaser and the owner.   The use of the words "to sell" in such case is held to mean no more than to authorize the agent to find a purchaser.   This doctrine is firmly settled in this jurisdiction, as indicated by the following authorities:  *Winch v. Edmunds,* 34 Colo. 359, 83 Pac. 632; *Malone v. McCullough, supra; Sullivan v. Leer, supra; Speer v. Craig, supra; Johnson v. Lennox, supra.*   The following authorities from other jurisdictions fully support this proposition.   *Campbell v. Galloway,* 148 Ind. 440, 47 N. E. 818; *Brandrup v. Britten,* 11 N. D. 376, 92 N. W. 454; *Milne v. Kleb,* 44 N. J. Eq. 378, 14 Atl. 646; *Lawson v. King,* 56 Wash. 15, 104 Pac. 1118; *Grant v. Ede,* 85 Cal. 418, 24 Pac. 890, 20 Am. St. Rep. 237; *Scully v. Book,* 3 Wash. 182, 28 Pac. 556; *Armstrong v. Lowe,* 76 Cal. 616, 18 Pac. 759; *Larson v. O'Hara,* 98 Minn. 71, 107 N. W. 821, 116 Am. St. Rep. 342, 8 Ann. Cas. page 849, and cases cited.

Sopris not having authority to execute the contract in question for Ghost, and Springer being charged in law with

knowledge of such lack of authority, the supposed contract is in fact no contract, and not enforceable on any theory.

*Judgment affirmed.*

GABBERT, C. J., and WHITE, J., concur.

Decided May 3, A. D. 1915. Rehearing denied June 7, A. D. 1915.