[No. 15379.   Department Two.   January 7, 1920.]

# F. L. STEWART, *Appellant,* v. PACIFIC CADEAU *et al.,* *Respondents.*[1]

FRAUDS, STATUTE OF (9)—REAL ESTATE—CREATION OF ESTATE—
ORAL OPTIONS.  Where the time for exercising a written option to
purchase land had expired and the vendors, after several extensions,
refused to further extend the time, any oral option or offer to sell
would be void under the statute of frauds; and furthermore was not
accepted in a reasonable time, where the parties had by the writing
limited the time to five months, and nine months additional expired
after refusal to grant the written extension.

Appeal from a judgment of the superior court for
Wahkiakum county, Hewen, J., entered January 15,
1919, upon granting a nonsuit, dismissing an action
for specific performance.   Affirmed.

*W. F. Magill* and *Wm. Stuart,* for appellant.

*Malarkey, Seabrook & Dibble* and *J. C. McFadden,*
for respondents.

TOLMAN, J. — This is an action to enforce specific
performance of an alleged contract for the sale of real
estate.   From a judgment of dismissal, appellant
brings the cause here for review on appeal.

It appears that, on November 29, 1916, the respond-
ents' executed a written option to purchase to one
George F. Hanigan, which described the land, named
the purchase price, and provided for the payment
thereof within sixty days, and, if not so paid, the
earnest money should be forfeited to the vendors and
all rights thereunder should cease.   Hanigan assigned
the option to appellant, and pursuant thereto respond-
ents, who were the owners of undivided interests in
the land, executed deeds and deposited them in escrow

[1]Reported in 186 Pac. 894.

with a bank in Portland, Oregon, with instructions to deliver them if the terms of the option were complied with, and if not complied with within the time specified, to return the deeds to the makers. Various written extensions of the option were made, the last of which, by its terms, expired on May 10, 1917. Thereafter Girard and Delude withdrew their deeds from the bank, and Hanigan undertook negotiations with the respondents to secure a further extension of the option. The result of these negotiations is best shown by a letter written by Hanigan to appellant, dated May 25, 1917, in which he says:

"I have had two different conversations with Mr. Girard, endeavoring to induce him to return his deed to the Lumbermens Bank, but he takes the position that he will not, even for an additional $25 for 30 days. However, he pledges himself to immediately forward the same to the bank upon receipt of telegram to me advising me that the deal is ready to be concluded. I tried to impress upon him how unsatisfactory it was to not have the deed in the bank, but he thinks, or appears to think, that the fact that he can have it there within 24 hours after receipt of notice that the deal is to go through should be sufficient.

"I am not sure if Mr. Delude has returned his deed yet to the bank or not, but I am again writing to him and believe that he will. Mr. Cadeau is contented to leave his deed.

"Will advise you when I again hear from Delude. If Delude forwards deed to bank it will not be so bad, as I am convinced Girard will mail his immediately he thinks that the parties are ready to take up same."

No attempt appears to have been made thereafter to obtain a further written extension of the option, but Delude did return his deed to the bank, where it remained until about February 9, 1918, when it was again and finally withdrawn. On February 11, 1918, appellant deposited the purchase price for the land in

the Portland bank and the respondents were at once notified. The bank did not deliver the Cadeau deed to appellant because, under its instructions, the time limit for the payment and delivery of the deed was May 10, 1917. Girard and Delude, when notified of the payment, refused to return their deeds to the bank for delivery, or to accept the money, and Cadeau refused to authorize the bank to deliver his deed, which had remained in its hands. After withdrawing his deed from the bank on February 9, 1918, Delude sent a deed executed by himself and wife, with the grantee blank, to Girard, and in response to a letter from Hanigan, wrote the latter on February 13, 1918, saying: "I sent the deed to Joe Girard so you can make arrangements with him," and advising that he wanted $1,333 for his interest in the land to be sent to a bank in Astoria, Oregon.

The trial court found, on what appears to be the weight of the evidence, that, though Hanigan might have been the agent of respondents in the first instance to find a purchaser, he was acting for appellant in attempting to obtain an extension of the option, and since there is no serious claim that he had any authority to enter into a binding contract of sale, the letter written by him not only was not a contract in writing, but it was no evidence of an oral contract entered into by the respondents. *Hardinger v. Columbia,* 50 Wash. 405, 97 Pac. 445; *Lawson v. King,* 56 Wash. 15, 104 Pac. 1118; *Arbogast v. Johnson,* 80 Wash. 537, 141 Pac. 1140. Had there been an oral contract made after the expiration of the option, there was no part performance pleaded or shown which would take it out of the statute of frauds.

We see nothing in the conduct of the parties which would constitute a waiver of the strict performance of the terms of a written option. Indeed, there is no

claim that there was anything done before the expiration of the written option which would or could constitute such a waiver.   What was done afterwards, as shown by the record, at the very most which can be claimed for it, was no more than an oral option or offer to sell, and as such, there being no part performance, was void under the statute of frauds; and, moreover, if there was any such oral option or offer, it was not accepted within a reasonable time, because here the parties, by a written contract and its extensions, limited the time to a little over five months, and it cannot be successfully contended that an oral offer, following the refusal to further extend the written one, contemplated the giving of nine months' additional time.   What we have said applies to each of the respondents, for we cannot see that the failure of Cadeau to withdraw his deed from the bank, or the sending by Delude of his deed to Girard, with authority to make arrangements, which were never made, in any way alters the situation as to either.

Judgment affirmed.

HOLCOMB, C. J., BRIDGES, MOUNT, and FULLERTON, JJ., concur.